1
2
3
4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAMES M. ATKINSON, pro se** | C.A. No. 11-CV- |
| Plaintiff, | **COMPLAINT** |
| v. | DEMAND FOR JURY TRIAL |
| **TOWN OF ROCKPORT**; COMMONWEALTH OF MASSACHUSETTS; SALEM STATE COLLEGE; NORTH SHORE COMMUNITY COLLEGE; MONTSERRAT COLLEGE OF ART; LYONS AMBULANCE, LLC, RESEARCH ELECTRONICS, LLC; BEVERLY HOSPITAL; ADDISON GILBERT HOSPITAL; ESSEX COUNTY SHERIFFS DEPARTMENT; A AND L ENTERPRISES; CAPE ANN CHAMBER OF COMMERCE; MARY ELIZABETH HEFFERNAN in his/her official capacity and individually as Secretary of Public Safety and Executive Office of Public Safety and Security; MARK DELANEY in his/her official capacity and individually as Colonel of the State Police; JAMES F. SLATER in his/her official capacity and individually as Criminal History Systems Board (CHSB), renamed the Department of Criminal Justice Information Services (DCJIS); PATROLMAN JAMES HURST in his/her official capacity and individually as a Police Officer for Town of | 42 U.S.C. §§ 1983, 1985, 1988, 1981a U.S. Constitution, Article Four, Section 2 FIRST AMENDMENT SECOND AMENDMENT FOURTH AMENDMENT FIFTH AMENDMENT SIXTH AMENDMENT EIGHTH AMENDMENT NINTH AMENDMENT FOURTEENTH AMENDMENT MASSACHUSETTS CONSTITUTION, PART THE FIRST, ARTICLE XVII |

*Atkinson v. Town of Rockport, et al*
Complaint for Civil Rights Violations and Damages
Page 1 of 202

Rockport; PATROLMAN DANIEL
MAHONEY in his/her official capacity
and individually as a Police Officer for
Town of Rockport; SGT MICHAEL
MARINO in his/her official capacity
and individually as a Police Officer for
Town of Rockport; CHIEF JOHN T.
MCCARTHY in his/her official
capacity and individually as a Chief of
Police for Town of Rockport;
PATROLMAN GREGORY GEORGE
in his/her official capacity and
individually as a Police Officer for
Town of Rockport; PATROLMAN
SEAN ANDRUS in his/her official
capacity and individually as a Police
Officer for Town of Rockport;
PATROLMAN JAMES HURST in
his/her official capacity and individually
as a Police Officer for Town of
Rockport; SGT. MARK SCHMINK in
his/her official capacity and individually
as a Police Officer for Town of
Rockport; SGT. ROBERT TIBERT in
his/her official capacity and individually
as a Police Officer for Town of
Rockport; MICHAEL ANDERSON in
his/her official capacity and individually
as a Police Officer for Town of
Rockport; TIMOTHY FRITHSEN in
his/her official capacity and individually
as a Police Officer for Town of
Rockport; JOHN DOE 001 in his/her
official capacity and individually as a
Police Officer for Town of Rockport;
JOHN DOE 002 in his/her official
capacity and individually as a Police
Officer for Town of Rockport; JOHN
DOE 003 in his/her official capacity and
individually as a Police Officer for

Town of Rockport; JOHN DOE 004 in his/her official capacity and individually as a Police Officer for Town of Rockport; JOHN DOE 005 in his/her official capacity and individually as a Police Officer for Town of Rockport; JOHN DOE 006 in his/her official capacity and individually as a Police Officer for Town of Rockport; JOHN DOE 007 in his/her official capacity and individually as a Police Officer for Town of Rockport; JOHN DOE 008 in his/her official capacity and individually as a Police Officer for Town of Rockport; JOHN DOE 009 in his/her official capacity and individually as a Police Officer for Town of Rockport; CHRISTIAN MCDOWELL in his/her official capacity and individually as a Special Agent for Federal Bureau of Investigation; JOHN DOE 010 in his/her official capacity and individually as a Special Agent for Federal Bureau of Investigation; JOHN DOE 011 in his/her official capacity and individually as a Special Agent for Federal Bureau of Investigation; JOHN DOE 012 in his/her official capacity and individually as a Special Agent for Federal Bureau of Investigation; JOHN DOE 013 in his/her official capacity and individually as a Special Agent for Federal Bureau of Investigation; JOHN DOE 014 in his/her official capacity and individually as a Special Agent for Federal Bureau of Investigation; JOHN DOE 015 in his/her official capacity and individually as a Special Agent for Federal Bureau of Investigation; ROSEMARY LESCH in his/her official capacity and individually

as a Department Head for Town of
Rockport; SCOTT STORY in his/her
official capacity and individually as a
Department Head for Town of
Rockport; RITA BUDROW in his/her
official capacity and individually as a
EMT for Town of Rockport; JANE
CARR in his/her official capacity and
individually as a EMT for Town of
Rockport; JANE CARR in his/her
official capacity and individually as a
EMT for Lyons Ambulance; JANE
CARR in his/her official capacity and
individually as a EMT and Nurses Aid
for Beverly Hospital; DIANNA
CRUDDEN in his/her official capacity
and individually as a EMT for Town of
Rockport; JOHN DOE 016 in his/her
official capacity and individually as a
EMT for Town of Rockport; JOHN
DOE 017 in his/her official capacity and
individually as a EMT for Town of
Rockport; JOHN DOE 018 in his/her
official capacity and individually as a
EMT for Town of Rockport; JOHN
DOE 019 in his/her official capacity and
individually as a EMT for Town of
Rockport; JOHN DOE 020 in his/her
official capacity and individually as a
EMT for Town of Rockport; JOHN
DOE 021 in his/her official capacity and
individually as a EMT for Town of
Rockport; JOHN DOE 022 in his/her
official capacity and individually as a
EMT for Town of Rockport; JOHN
DOE 023 in his/her official capacity and
individually as a EMT for Town of
Rockport; JOHN DOE 024 in his/her
official capacity and individually as a
Fireman for Town of Rockport; JOHN

DOE 025 in his/her official capacity and individually as a Fireman for Town of Rockport; JOHN DOE 026 in his/her official capacity and individually as a Fireman for Town of Rockport; JOHN DOE 027 in his/her official capacity and individually as a Fireman for Town of Rockport; JOHN DOE 028 in his/her official capacity and individually as a Fireman for Town of Rockport; JOHN DOE 029 in his/her official capacity and individually as a Fireman for Town of Rockport; JOHN DOE 030 in his/her official capacity and individually as a Fireman for Town of Rockport; JOHN DOE 031 in his/her official capacity and individually as a Fireman for Town of Rockport; HENRY MICHALSKI in his/her official capacity and individually as a EMT Instructor for Lyons Ambulance; PENNY MICHALSKI in his/her official capacity and individually as a for Attorney Generals Office; KEVIN M. LYONS in his/her official capacity and individually as a Owner for Lyons Ambulance Service LLC; FRANK CARABELLO in his/her official capacity and individually as a Director of Operations for Lyons Ambulance Service LLC; DARRELL MOORE in his/her official capacity and individually as a EMT Instructor for Lyons Ambulance Service LLC; ROBERT PIEPIORA in his/her official capacity and individually as a EMT Instructor for Lyons Ambulance Service LLC; DAVID RAYMOND in his/her official capacity and individually as a EMT Instructor for Lyons Ambulance Service LLC; JOHN DOE 032 in his/her

official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 033 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 034 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 035 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 036 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 037 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 038 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 039 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 040 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 041 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 042 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 043 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN DOE 044 in his/her
official capacity and individually as a
EMT Instructor for Lyons Ambulance
Service LLC; JOHN L. GOOD in
his/her official capacity and individually

as a Executive Vice President for
Beverly National Bank; LT. MICHAEL
COONEY in his/her official capacity
and individually as a Investigator for
Massachusetts State Police; PAUL
COFFEY in his/her official capacity and
individually as a OEMS Investigator for
Commonwealth of Massachusetts;
ABDULLAH REHAYEM in his/her
official capacity and individually as a
OEMS Director for Commonwealth of
Massachusetts; RENEE D. LAKE in
his/her official capacity and individually
as a OEMS Compliance Coordinator for
Commonwealth of Massachusetts; M.
THOMAS QUAIL in his/her official
capacity and individually as a OEMS
Clinical Coordinator for Commonwealth
of Massachusetts; BRENDAN
MURPHY in his/her official capacity
and individually as a OEMS
Investigator for Commonwealth of
Massachusetts; MARK MILLET in
his/her official capacity and individually
as a EMS Coordinator for Beverly
Hospital; STEVEN KRENDEL in
his/her official capacity and individually
as a Medical Control Physician for
Beverly Hospital; JOHN AUERBACH
in his/her official capacity and
individually as a Commissioner,
Department of Public Health for
Commonwealth of Massachusetts;
MARTHA COAKLEY in his/her
official capacity and individually as a
Attorney General for Commonwealth of
Massachusetts; KATHERINE
HARTIGAN in his/her official capacity
and individually as a Assistant District
Attorney for Commonwealth of

Massachusetts; JOHN B. BRENNAN in his/her official capacity and individually as a Assistant District Attorney for Commonwealth of Massachusetts; KEVIN P. BURKE in his/her official capacity and individually as a Clerk-Magistrate for Commonwealth of Massachusetts; MARK PULLI in his/her official capacity and individually as a Investigator for Commonwealth of Massachusetts; LLOYD A. HOLMES in his/her official capacity and individually as a Dean of Students for North Shore Community College; WAYNE BURTON in his/her official capacity and individually as a President for North Shore Community College; DONNA RICHEMOND in his/her official capacity and individually as a Vice President, Student and Enrollment Services for North Shore Community College; DOUG PUSKA in his/her official capacity and individually as a Chief of Police for North Shore Community College; KENNETH TASHJY in his/her official capacity and individually as a College Legal Counsel for North Shore Community College; MARSHALL J. HANDLY in his/her official capacity and individually as a Legal Department for Montserrat College of Art; STEPHEN D. IMMERMAN in his/her official capacity and individually as a President for Montserrat College of Art; BRIAN BICKNELL in his/her official capacity and individually as a Dean for Montserrat College of Art; LEE DELLICKER in his/her official capacity and individually as a Trustee for

Montserrat College of Art; LECIA
TURCOTTE in his/her official capacity
and individually as a Trustee for
Montserrat College of Art; DONALD
BOWEN in his/her official capacity and
individually as a Trustee for Montserrat
College of Art; MARTHA BUSKIRK
in his/her official capacity and
individually as a Trustee for Montserrat
College of Art; CHRISTOPHER
COLLINS in his/her official capacity
and individually as a Trustee for
Montserrat College of Art; and John
Doe's 094 – 265.

Defendants.

5
6
7
8                          **COMPLAINT**
9
10
11                         **INTRODUCTION**
12

13      1. This action for deprivation of civil rights under color of law

14          challenges various Massachusetts statutes in regard to the keeping

15          and, or of bearing arms to the extent that they prohibit otherwise

16          qualified private citizens from keeping or carrying arms for the

17          purpose of self-defense. Plaintiff seeks a declaratory judgment,

18          injunctive relief, actual damages, and punitive damages, and

19      attorney's fees and costs.

20

21   2. Second Amendment Rights are No Different then First Amendment

22      Rights.

23

24   3. The government cannot exercise prior restrain in either matters of the

25      First Amendment, nor in matters of the Second Amendment. The

26      government may not prohibit the possession of a high volume printing

27      press any more then they may prohibit a high capacity magazine or

28      assault weapon. A high volume printing press is no more dangerous

29      then a high capacity magazine.

30

31   4. All firearms utilized by law enforcement for individual defense of the

32      officer or for entering homes, buildings, or vehicles are suitable for

33      concrete demonstration that these same or similar weapons are suited

34      for defense of the home. The firearm itself, the configuration of the

35      magazines, of feeding devices, the ammunition used, and the manner

36      it which it is deployed are all prime evidence that a weapon is well

37      suited for home defense.

38

39   5. By their very design, firearms are dangerous, they are supposed to be

40       dangerous, and they are supposed to be deadly, any fool knows this.

41       People train to become proficient with arms in order to use them in a

42       dangerous manner, and in some cases a deadly manner. Any

43       assertions that a particular modern arm is more or less dangerous then

44       another is sheer and utter lunacy.

45

46   6. A high capacity magazine or feeding device is protected under the 2nd

47       Amendment, the government may not dictate any aspect of the arms

48       that a person choose for defense, not the feeding device or magazine,

49       nor the type of ammunition used. The U.S. Supreme Court affirms this

50       right, immunity, and privilege in both the Heller and McDonald

51       decisions.

52

53   7. Any weapon used by a SWAT team for home or business entries

54       and/or raid is primary evidence that the same weapon is particularly

55       suited for home defense. Otherwise, logically, the SWAT Team would

56       not be using such weapons.

57

58   8. Logically then, any and all firearms which a law enforcement officer

---

59        would normally carry on a day to day basis anywhere in the country,

60        or which is endorsed for, sold for, endorsed as, or in any way

61        considered as a firearm suited for individual law enforcement officers

62        to carry or use is prima facia evidence that it is suitable for home

63        defense as it is safe. The same hold true of any firearm, magazine,

64        feeding device, or ammunition in common use by law federal, state,

65        and local law enforcement officers.

66

67    9. The U.S. Supreme Court ruling in Heller and in McDonald allows the

68        occupant of the home determine which firearms are primarily useful

69        for home defense, and does not allow the government to dictate which

70        weapons be kept, or used in this regard. In fact, the law permits the

71        use of not only a firearm, but actually that of any arms available to the

72        person. This weapon selection is personal, and can take from little

73        more then a pointy stick, to an edged weapon, a bayonet, a sword or

74        cutlass, or if they so choose a firearm of the sort they feel is most

75        suitable.

76

77    10. The Bill of Rights, and the decisions of the U.S. Supreme Court does

78        not permit the state to prohibit the possession of a model printing

79    press which the state may not like, but may control the retail sale of

80    such a press should it be overly dangerous to operate.... But the State

81    can not control or license mere possession. There is no requirement

82    under the law to obtain a license of any sort for a printing press, a

83    quill pen, a bottle of ink, a fountain pen, a sheet of paper, nor an inkjet

84    printer, or even a laser printer. Neither is any government permission

85    or license, or ID card (which is a defacto license if it can be revoked)

86    required to keep arms in ones home, or to bear them up or carry them

87    in defense or other, or even the State.

88

89    11. The Second Amendment "guarantee[s] the individual right to possess

90    and carry weapons in case of confrontation," District of Columbia v.

91    Heller, 554 U.S. 570, 592 (2008), and is "fully applicable against the

92    States," McDonald v. Chicago, 561 U.S. ___, 130 S. Ct. 3020, 3026

93    (2010).

94

95    12. However, the Commonwealth of Massachusetts steadfastly refuses to

96    update the statutes of Massachusetts to reflect either the District of

97    Columbia v. Heller and McDonald v. Chicago U.S. Supreme Court

98    decisions. The Commonwealth continue to ignore both the

99     Constitution of the United States, the Bill of Rights, and the decisions

100    of the Supreme Court, to the level that the Commonwealth exhibits an

101    attitude, and conducts legal matter related to firearm with utter

102    disregard for the civil rights of the citizens, complete, willful

103    arrogance in regards to the 2nd and 14th Amendments, and even bolder

104    affront to the U.S. Supreme Court whereby the Commonwealth

105    chooses merely to ignore the ruling by this nations highest court. The

106    Commonwealth of Massachusetts further demonstrates their evil

107    intentions by foisting a ruse of a licensing scheme that exists for no

108    reason but to deprive law abiding citizens of defensive arms in their

109    home or businesses.

110

111    13. As if this arrogance of the Commonwealth could not run more afoul

112    of the U.S. Constitution, the Bill of Rights, and the rulings of the U.S.

113    Supreme Court, the Commonwealth continue to unlawfully enter law

114    abiding, and homes of citizens who are qualified by law to possess

115    same, and to take those arms away by force and by deception in direct

116    violation of the law, and they do so with the approval of the Attorney

117    General of the Commonwealth, and with a approval of the District

118    Attorneys, who then empanel Grand Juries, so that the Attorney

119    General and District Attorneys are "making law" and misusing the

120    Grand Jury systems, instead of obeying the law themselves. In some

121    cases the police or the district attorneys will trick a Judge or

122    Magistrate into issuing a search warrant or an arrest warrant, even

123    when it is prohibited by law.

124

125    14. Plaintiff seeks that this Court, on an emergency basis and without

126    delay strike out, redact, or rescind a number of Massachusetts laws

127    and regulation that are in fact Unconstitutional, and which are a very

128    grave deprivation, and infringement of civil rights.

129

130    15. Plaintiff further seeks that this Court immediately and without delay

131    command the Attorney General to obey the decision of the Supreme

132    Court in Heller and in McDonald, and if necessary, Plaintiff requests

133    that this Court utilize the U.S. Marshall Service to compel the

134    Attorney General, the District Attorneys, and the Police within the

135    Commonwealth to abide by the will of the U.S. Supreme Court, and

136    of the Bill of Rights.

137

138    16. Plaintiff seek to establish that the recognition and incorporation of the

| | |
|---|---|
| 139 | Second Amendment – the right to possess and carry weapons in case |
| 140 | of confrontation – renders the State's present regulatory choice |
| 141 | unconstitutional. Whatever the contours of a constitutional scheme |
| 142 | might be, the Second Amendment renders a ban on carrying guns |
| 143 | impermissible. |
| 144 | |
| 145 | **17. JURISDICTION AND VENUE** |
| 146 | |
| 147 | 18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ |
| 148 | 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983. |
| 149 | |
| 150 | 19. This Court has personal jurisdiction over each of the Defendants |
| 151 | because, inter alia, they acted under the color of laws, policies, |
| 152 | customs, and/or practices of the Commonwealth of Massachusetts |
| 153 | and/or within the geographic confines of the Commonwealth of |
| 154 | Massachusetts. |
| 155 | |
| 156 | 20. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants |
| 157 | may be found in this district, and because the events and omissions |
| 158 | giving rise to this action are State laws enacted in the State capital of |

159   Boston.

160

161                              **21.PLAINTIFF**

162
163   22. Plaintiff ATKINSON, is representing himself at this time in this

164        matter pro se and propria persona at this time, and hereby serves

165        notice pursuant to Federal Rules of Civil Procedure, 5.1

166        "Constitutional Challenge to a Statute - Notice, Certification, and

167        Intervention" and formal notice of "Civil Right Violation,

168        Infringement, and Deprivation". Plaintiff resides at 31R Broadway,

169        Rockport, MA 01966

170

171             a.  The Supreme Court noted that "[i]n the federal courts, the right

172                  of self-representation has been protected by statute since the

173                  beginnings of our Nation. Section 35 of the Judiciary Act of

174                  1789, 1 Stat. 73, 92, enacted by the First Congress and signed

175                  by President Washington one day before the Sixth Amendment

176                  was proposed, provided that 'in all the courts of the United

177                  States, the parties may plead and manage their own causes

178                  personally or by the assistance of counsel.'" *Faretta v.*

179                  *California*, 422 U.S. 806, 813 (1975).

180

181    23.Plaintiff ATKINSON brings this notice, claim, and complaint

182         forwards on his own behalf before this court.

183

184    24.Comes now the Plaintiff, James M. Atkinson, who is a U.S. Citizen by

185         birth, a civil libertarian, a disabled U.S. Veteran with Honorable

186         Service, a recognized, and published, expert in the subject matter of

187         technical counter-intelligence, espionage defenses, spy hunting, an

188         expert in the use and handing of arms, teaching of open handed

189         combat, non-lethal use of force, less-lethal use of force, improvised

190         weapons, small arms, SWAT, HRT, and ERT teams in all forms of

191         firearms, chemical weapons instructor and master instructor, long

192         range sniping instructor, machine gun instructor, explosive entry

193         specialist, covert bio-regulators use instructor, nerve toxics and

194         poisons at both the lethal and non-lethal levels, improvised explosive

195         devices, concealed firearms carry instructor, vehicle combat driving

196         instructor, vehicle commandeering instructor, highly skilled factory

197         trained and certified armorer with every major weapons platform used

198         by major law enforcement agencies, federal agencies, the U.S.

199         Military, Diplomatic, Special Operations Forces, and the military,

200    diplomatic, and police agencies of foreign countries. He was also a

201    volunteer EMT in his community, a CPR and First Aid Instructor,

202    Life Member of the National Rifle Association, Life Member of the

203    Police Marksmen Association, and Life Member of the Law

204    Enforcement Association, of America.

205

206    25. Plaintiff ATKINSON is a long-term resident of the Commonwealth of

207    Massachusetts, and more specifically Rockport, MA; has testified

208    multiple times before Congress as a subject matter expert in regards to

209    technical counter-intelligence and counter-terrorism, and has been

210    consulted in person on matters of diplomacy or technical espionage

211    directly by sitting Presidents, and leaders of other countries, the

212    intelligence services of a wide range of countries including the United

213    States Government, and has provided goods, services, and advice to

214    virtually every U.S. Intelligence Agency, and to all elements of the

215    U.S. Military over a period spanning over three decade, including

216    intelligence, diplomatic, and military contractors, sub-contractors, and

217    covert cu-out companies. He is also a scientist, and a fine arts

218    photographer.

219

220    26. Plaintiff ATKINSON is a law-abiding citizen, who is over the age of

221    21, with tremendous respect of the law, a kind, charitable, and gentle

222    man, and has a sworn duty both as a citizen and a veteran to uphold

223    and defend the Constitution of the United States (against all enemies

224    foreign and domestic). He has never been convicted of any crime; has

225    never been convicted of any felony; is not a fugitive from justice; is

226    not under Indictment; is not an unlawful user of or addicted to any

227    control substance; is not an alcoholic; has never been treated for any

228    kind of drug or alcohol addiction or disorder; has not been adjudicated

229    as a mental defective, nor has he been committed or confined to any

230    mental institution; nor has he been discharged from the Armed Forces

231    under dishonorable conditions. He is not now, nor has he been in the

232    past the subject of any court order in regards to any intimate partner,

233    or any other person. Plaintiff ATKINSON is not an alien, nor has he

234    at any time renounced his citizenship, nor has he at anytime engaged

235    in acts of war against the United States or America, or of any political

236    division or subdivision.

237

238    27. Plaintiff served honorably, and with distinction in the Active Duty

239    Armed Forces of the United States, and was granted an Honorable

*Atkinson v. Town of Rockport, et al*                                    Page 20 of 202
Complaint for Civil Rights Violations and Damages

| 240 | Discharge from the United States Air Force. Plaintiff has never been |
| 241 | the subject of any court order in regards to harassing, stalking, or |
| 242 | threatening an intimate partner. Nor has Plaintiff been convicted of |
| 243 | any crime of domestic violence. Plaintiff has been a lawful, and safe |
| 244 | user of projectile, edged, impact, chemical, and other arms for over 40 |
| 245 | years, and has both kept and borne arms for his own defense, and for |
| 246 | the defense of the nation and of the state. In short, the Plaintiff |
| 247 | ATKINSON is in no way disqualified is exercising his Constitutional |
| 248 | rights in regards to the keeping and, or bearing arms of his choosing. |
| 249 | |
| 250 | **28.DEFENDANTS** |
| 251 | |
| 252 | 29.Defendant TOWN OF ROCKPORT, hereinafter "Town", is and was |
| 253 | at all times mentioned herein a local political subdivision of the |
| 254 | Commonwealth of Massachusetts, was at all times mentioned herein |
| 255 | responsible for the supervisory and budgetary operations of its law |
| 256 | enforcement agencies, fire department, and ambulance department. |
| 257 | Town is also a recipient of federal funds, which it distributes to its |
| 258 | subordinate law enforcement agencies, fire departments, and |
| 259 | ambulance departments. Plaintiffs are informed and believe that |

| | |
|---|---|
| 260 | Defendant Town is the policy-maker and fiduciary supervisors of the |
| 261 | remaining subordinates identified hereinafter. Plaintiffs are informed |
| 262 | and believe that Defendant Town had knowledge that the wrongs |
| 263 | hereinafter mentioned were and continue to be done; were about to be |
| 264 | committed, and having power to prevent or aid in preventing the |
| 265 | commission of the same, neglected or refused so to do. Plaintiff is |
| 266 | informed and believe that it is through the leadership, ratification, and |
| 267 | support of Defendant Town that its subordinate law enforcement |
| 268 | agencies, fire department, and ambulance department, and Defendants |
| 269 | identified hereinafter, had permission to implement the custom, |
| 270 | practice and usage which violated and continue to violate Plaintiffs' |
| 271 | constitutionally, statutory and regulatory rights, activities, privileges, |
| 272 | and immunities in accordance with the United States Constitution, 1st, |
| 273 | 2nd, 4th, 5th, 6th, 8th, 9th, and 14th Amendments, and the U.S. |
| 274 | Constitution, Article Four, Section 2, and Massachusetts Constitution, |
| 275 | Part the First, Article XVII; Defendant Town is being sued in its |
| 276 | official Capacity. Plaintiff resides at 34 Broadway, Rockport, MA |
| 277 | 01966 |
| 278 | |
| 279 | |

30.Defendant COMMONWEALTH OF MASSACHUSETTS,

281    hereinafter "Commonwealth", is and was at all times mentioned

282    herein a local political subdivision of the United States, was at all

283    times mentioned herein responsible for the supervisory and budgetary

284    operations of its law enforcement agencies. Commonwealth is also a

285    recipient of federal funds, which it distributes to its subordinate law

286    enforcement agencies. Plaintiffs are informed and believe that

287    Defendant Commonwealth is the policy-maker and fiduciary

288    supervisors of the remaining subordinates identified hereinafter.

289    Plaintiffs are informed and believe that Defendant Commonwealth

290    had knowledge that the wrongs hereinafter mentioned were and

291    continue to be done; were about to be committed, and having power to

292    prevent or aid in preventing the commission of the same, neglected or

293    refused so to do. Plaintiff is informed and believe that it is through the

294    leadership, ratification, and support of Defendant Commonwealth that

295    its subordinate law enforcement agencies, and Defendants identified

296    hereinafter, had permission to implement the custom, practice and

297    usage which violated and continue to violate Plaintiffs'

298    constitutionally, statutory and regulatory rights, activities, privileges,

299    and immunities in accordance with the United States Constitution, 1st,

| 300 | 2nd, 4th, 5th, 6th, 8th, 9th, and 14th Amendments, and the U.S. |
| 301 | Constitution, Article Four, Section 2, and Massachusetts Constitution, |
| 302 | Part the First, Article XVII; Defendant Commonwealth is being sued |
| 303 | in its official Capacity. Plaintiff resides at One Ashburton Place, |
| 304 | Boston, MA 02108 -1518 |
| 305 | |
| 306 | |
| 307 | 31.Defendant SALEM STATE COLLEGE, hereinafter "Salem State", is |
| 308 | and was at all times mentioned herein a State agency, controlled and |
| 309 | responsible for the supervisory and budgetary operations of its law |
| 310 | enforcement agencies, school leadership, school administration. |
| 311 | Salem State is also a recipient of federal funds, which it distributes to |
| 312 | its with the school. Plaintiffs are informed and believe that Defendant |
| 313 | Salem State is the policy-maker and fiduciary supervisors of the |
| 314 | remaining subordinates identified hereinafter. Plaintiffs are informed |
| 315 | and believe that Defendant Salem State had knowledge that the |
| 316 | wrongs hereinafter mentioned were and continue to be done; were |
| 317 | about to be committed, and having power to prevent or aid in |
| 318 | preventing the commission of the same, neglected or refused so to do. |
| 319 | Plaintiff is informed and believe that it is through the leadership, |
| 320 | ratification, and support of Defendant Salem State that its subordinate |

| | |
|---|---|
| 321 | law enforcement agencies, and Defendants identified hereinafter, had |
| 322 | permission to implement the custom, practice and usage which |
| 323 | violated and continue to violate Plaintiffs' constitutionally, statutory |
| 324 | and regulatory rights, activities, privileges, and immunities in |
| 325 | accordance with the United States Constitution, 1st, 2nd, 4th, 5th, 6th, |
| 326 | 8th, 9th, and 14th Amendments, and the U.S. Constitution, Article |
| 327 | Four, Section 2, and Massachusetts Constitution, Part the First, Article |
| 328 | XVII; Defendant Salem State is being sued in its official Capacity. |
| 329 | Plaintiff resides at 352 Lafayette Street, Salem, MA 01970-5353 |
| 330 | |
| 331 | 32. Defendant NORTH SHORE COMMUNITY COLLEGE, hereinafter |
| 332 | "North Shore", is and was at all times mentioned herein a State |
| 333 | agency, controlled and responsible for the supervisory and budgetary |
| 334 | operations of its law enforcement agencies, school leadership, school |
| 335 | administration. North Shore is also a recipient of federal funds, which |
| 336 | it distributes to its with the school. Plaintiffs are informed and believe |
| 337 | that Defendant North Shore is the policy-maker and fiduciary |
| 338 | supervisors of the remaining subordinates identified hereinafter. |
| 339 | Plaintiffs are informed and believe that Defendant North Shore had |
| 340 | knowledge that the wrongs hereinafter mentioned were and continue |

341      to be done; were about to be committed, and having power to prevent

342      or aid in preventing the commission of the same, neglected or refused

343      so to do. Plaintiff is informed and believe that it is through the

344      leadership, ratification, and support of Defendant North Shore that its

345      subordinate law enforcement agencies, and Defendants identified

346      hereinafter, had permission to implement the custom, practice and

347      usage which violated and continue to violate Plaintiffs'

348      constitutionally, statutory and regulatory rights, activities, privileges,

349      and immunities in accordance with the United States Constitution, 1st,

350      2nd, 4th, 5th, 6th, 8th, 9th, and 14th Amendments, and the U.S.

351      Constitution, Article Four, Section 2, and Massachusetts Constitution,

352      Part the First, Article XVII; Defendant North Shore is being sued in

353      its official Capacity. Plaintiff resides at 1 Ferncroft Road, Danvers,

354      MA 01923

355

356      33.Defendant MONTSERRAT COLLEGE OF ART, hereinafter

357      "Montserrat", is and was at all times mentioned herein a extension of

358      a state agency, performing the bidding, and under the control and/or

359      influence of state law enforcement agencies. The school leadership,

360      and school administration is in fact an extension of the State, while

| | |
|---|---|
| 361 | Montserrat falsely claims that it is a private college. Montserrat is also |
| 362 | a recipient of federal funds, which it distributes to its departments |
| 363 | with the school. Plaintiffs are informed and believe that Defendant |
| 364 | Montserrat is the policy-maker and fiduciary supervisors of the |
| 365 | remaining subordinates identified hereinafter. Plaintiffs are informed |
| 366 | and believe that Defendant Montserrat had knowledge that the wrongs |
| 367 | hereinafter mentioned were and continue to be done; were about to be |
| 368 | committed, and having power to prevent or aid in preventing the |
| 369 | commission of the same, neglected or refused so to do. Plaintiff is |
| 370 | informed and believe that it is through the leadership, ratification, and |
| 371 | support of Defendant Montserrat that its subordinate law enforcement |
| 372 | agencies, and Defendants identified hereinafter, had permission to |
| 373 | implement the custom, practice and usage which violated and |
| 374 | continue to violate Plaintiffs' constitutionally, statutory and regulatory |
| 375 | rights, activities, privileges, and immunities in accordance with the |
| 376 | United States Constitution, 1st, 2nd, 4th, 5th, 6th, 8th, 9th, and 14th |
| 377 | Amendments, and the U.S. Constitution, Article Four, Section 2, and |
| 378 | Massachusetts Constitution, Part the First, Article XVII; Defendant |
| 379 | Montserrat is being sued in its official Capacity. Plaintiff resides at 23 |
| 380 | Essex Street, Beverly, MA 01915-4508 |

381
382
383    34. Defendant ESSEX COUNTY SHERIFFS DEPARTMENT,

384    hereinafter "Sheriff", is and was at all times mentioned herein a local

385    law enforcement agency within the political subdivision of Essex

386    Country within the Commonwealth of Massachusetts, was at all times

387    mentioned herein responsible for the supervisory and budgetary

388    operations of its law enforcement agencies. Sheriff is also a recipient

389    of federal funds, which it distributes to its subordinate law

390    enforcement agencies, fire departments, and ambulance departments.

391    Plaintiffs are informed and believe that Defendant Sheriff is the

392    policy-maker and fiduciary supervisors of the remaining subordinates

393    identified hereinafter. Plaintiffs are informed and believe that

394    Defendant Sheriff had knowledge that the wrongs hereinafter

395    mentioned were and continue to be done; were about to be committed,

396    and having power to prevent or aid in preventing the commission of

397    the same, neglected or refused so to do. Plaintiff is informed and

398    believe that it is through the leadership, ratification, and support of

399    Defendant Sheriff that its subordinate law enforcement agencies, fire

400    department, and ambulance department, and Defendants identified

401    hereinafter, had permission to implement the custom, practice and

| 402 | usage which violated and continue to violate Plaintiffs' |
| 403 | constitutionally, statutory and regulatory rights, activities, privileges, |
| 404 | and immunities in accordance with the United States Constitution, 1st, |
| 405 | 2nd, 4th, 5th, 6th, 8th, 9th, and 14th Amendments, and the U.S. |
| 406 | Constitution, Article Four, Section 2, and Massachusetts Constitution, |
| 407 | Part the First, Article XVII; Defendant Sheriff is being sued in its |
| 408 | official Capacity. Plaintiff resides at 20 Manning Rd, Middleton |
| 409 | |
| 410 | 35. Defendant MARY ELIZABETH HEFFERNAN is sued in her official |
| 411 | capacity and individually as Secretary of Public Safety and Executive |
| 412 | Office of Public Safety and Security for the Commonwealth of |
| 413 | Massachusetts, responsible for executing and administering the laws |
| 414 | and policies at issue in this lawsuit. Defendant directly deprived |
| 415 | Plaintiff of his civil rights, with malice, and with careful planning and |
| 416 | conspiracy with others. Plaintiff resides at One Ashburton Place, |
| 417 | Boston, MA 02108 -1518 |
| 418 | |
| 419 | 36. Defendant MARK DELANEY is sued in his official capacity and |
| 420 | individually as Colonel of the State Police for the Commonwealth of |
| 421 | Massachusetts, responsible for executing and administering the laws |

422    and policies at issue in this lawsuit. Defendant directly deprived

423    Plaintiff of his civil rights, with malice, and with careful planning and

424    conspiracy with others. Plaintiff resides at One Ashburton Place,

425    Boston, MA 02108 -1518

426

427    37. Defendant JAMES F. SLATER is sued in his official capacity and

428    individually as Criminal History Systems Board (CHSB), renamed the

429    Department of Criminal Justice Information Services (DCJIS); for the

430    Commonwealth of Massachusetts, responsible for executing and

431    administering the laws and policies at issue in this lawsuit. Plaintiff

432    resides at One Ashburton Place, Boston, MA 02108 -1518

433

434    38. Defendant PATROLMAN JAMES HURST is sued in his/her official

435    capacity and individually as a Police Officer for Town of Rockport,

436    responsible for executing and administering the laws and policies at

437    issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

438    rights, with malice, and with careful planning and conspiracy with

439    others. Plaintiff resides at 168 Main Street, Rockport, MA 10966

440

441    39. Defendant  PATROLMAN DANIEL MAHONEY is sued in his/her

---

| 442 | official capacity and individually as a Police Officer for Town of |
| 443 | Rockport, responsible for executing and administering the laws and |
| 444 | policies at issue in this lawsuit. Defendant directly deprived Plaintiff |
| 445 | of his civil rights, with malice, and with careful planning and |
| 446 | conspiracy with others. Plaintiff resides at 168 Main Street, Rockport, |
| 447 | MA 10966 |
| 448 | |
| 449 | 40.Defendant SGT MICHAEL MARINO is sued in his/her official |
| 450 | capacity and individually as a Police Officer for Town of Rockport, |
| 451 | responsible for executing and administering the laws and policies at |
| 452 | issue in this lawsuit. Defendant directly deprived Plaintiff of his civil |
| 453 | rights, with malice, and with careful planning and conspiracy with |
| 454 | others. Plaintiff resides at 168 Main Street, Rockport, MA 10966 |
| 455 | |
| 456 | 41.Defendant CHIEF JOHN T. MCCARTHY is sued in his/her official |
| 457 | capacity and individually as a Chief of Police for Town of Rockport, |
| 458 | responsible for executing and administering the laws and policies at |
| 459 | issue in this lawsuit. Defendant directly deprived Plaintiff of his civil |
| 460 | rights, with malice, and with careful planning and conspiracy with |
| 461 | others. Plaintiff resides at 168 Main Street, Rockport, MA 10966 |

462

463   42. Defendant  PATROLMAN GREGORY GEORGE is sued in his/her

464         official capacity and individually as a Police Officer for Town of

465         Rockport, responsible for executing and administering the laws and

466         policies at issue in this lawsuit. Defendant directly deprived Plaintiff

467         of his civil rights, with malice, and with careful planning and

468         conspiracy with others. Plaintiff resides at 168 Main Street, Rockport,

469         MA 10966

470

471   43. Defendant  PATROLMAN SEAN ANDRUS is sued in his/her official

472         capacity and individually as a Police Officer for Town of Rockport,

473         responsible for executing and administering the laws and policies at

474         issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

475         rights, with malice, and with careful planning and conspiracy with

476         others. Plaintiff resides at 168 Main Street, Rockport, MA 10966

477

478   44. Defendant  PATROLMAN JAMES HURST is sued in his/her official

479         capacity and individually as a Police Officer for Town of Rockport,

480         responsible for executing and administering the laws and policies at

481         issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

482         rights, with malice, and with careful planning and conspiracy with

483         others. Plaintiff resides at 168 Main Street, Rockport, MA 10966

484

485    45. Defendant SGT. MARK SCHMINK is sued in his/her official

486         capacity and individually as a Police Officer for Town of Rockport,

487         responsible for executing and administering the laws and policies at

488         issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

489         rights, with malice, and with careful planning and conspiracy with

490         others. Plaintiff resides at 168 Main Street, Rockport, MA 10966

491

492    46. Defendant SGT. ROBERT TIBERT is sued in his/her official

493         capacity and individually as a Police Officer for Town of Rockport,

494         responsible for executing and administering the laws and policies at

495         issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

496         rights, with malice, and with careful planning and conspiracy with

497         others. Plaintiff resides at 168 Main Street, Rockport, MA 10966

498

499    47. Defendant MICHAEL ANDERSON is sued in his/her official

500         capacity and individually as a Police Officer for Town of Rockport,

501         responsible for executing and administering the laws and policies at

*Atkinson v. Town of Rockport, et al*                              Page 33 of 202
Complaint for Civil Rights Violations and Damages

502    issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

503    rights, with malice, and with careful planning and conspiracy with

504    others. Plaintiff resides at 168 Main Street, Rockport, MA 10966

505

506    48. Defendant  TIMOTHY FRITHSEN is sued in his/her official capacity

507    and individually as a Police Officer for Town of Rockport,

508    responsible for executing and administering the laws and policies at

509    issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

510    rights, with malice, and with careful planning and conspiracy with

511    others. Plaintiff resides at 168 Main Street, Rockport, MA 10966

512

513    49. Defendant  JOHN DOE 001 is sued in his/her official capacity and

514    individually as a Police Officer for Town of Rockport, responsible for

515    executing and administering the laws and policies at issue in this

516    lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

517    malice, and with careful planning and conspiracy with others. Plaintiff

518    resides at 168 Main Street, Rockport, MA 10966

519

520    50. Defendant  JOHN DOE 002 is sued in his/her official capacity and

521    individually as a Police Officer for Town of Rockport, responsible for

522    executing and administering the laws and policies at issue in this

523    lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

524    malice, and with careful planning and conspiracy with others. Plaintiff

525    resides at 168 Main Street, Rockport, MA 10966

526

527    51. Defendant JOHN DOE 003 is sued in his/her official capacity and

528    individually as a Police Officer for Town of Rockport, responsible for

529    executing and administering the laws and policies at issue in this

530    lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

531    malice, and with careful planning and conspiracy with others. Plaintiff

532    resides at 168 Main Street, Rockport, MA 10966

533

534    52. Defendant JOHN DOE 004 is sued in his/her official capacity and

535    individually as a Police Officer for Town of Rockport, responsible for

536    executing and administering the laws and policies at issue in this

537    lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

538    malice, and with careful planning and conspiracy with others. Plaintiff

539    resides at 168 Main Street, Rockport, MA 10966

540

541    53. Defendant JOHN DOE 005 is sued in his/her official capacity and

542    individually as a Police Officer for Town of Rockport, responsible for

543    executing and administering the laws and policies at issue in this

544    lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

545    malice, and with careful planning and conspiracy with others. Plaintiff

546    resides at 168 Main Street, Rockport, MA 10966

547

548    54. Defendant JOHN DOE 006 is sued in his/her official capacity and

549    individually as a Police Officer for Town of Rockport, responsible for

550    executing and administering the laws and policies at issue in this

551    lawsuit. Plaintiff resides at 168 Main Street, Rockport, MA 10966

552

553    55. Defendant JOHN DOE 007 is sued in his/her official capacity and

554    individually as a Police Officer for Town of Rockport, responsible for

555    executing and administering the laws and policies at issue in this

556    lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

557    malice, and with careful planning and conspiracy with others. Plaintiff

558    resides at 168 Main Street, Rockport, MA 10966

559

560    56. Defendant JOHN DOE 008 is sued in his/her official capacity and

561    individually as a Police Officer for Town of Rockport, responsible for

562     executing and administering the laws and policies at issue in this

563     lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

564     malice, and with careful planning and conspiracy with others. Plaintiff

565     resides at 168 Main Street, Rockport, MA 10966

566

567     57. Defendant JOHN DOE 009 is sued in his/her official capacity and

568     individually as a Police Officer for Town of Rockport, responsible for

569     executing and administering the laws and policies at issue in this

570     lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

571     malice, and with careful planning and conspiracy with others. Plaintiff

572     resides at 168 Main Street, Rockport, MA 10966

573

574     58. Defendant CHRISTIAN MCDOWELL is sued in his/her official

575     capacity and individually as a Special Agent for Federal Bureau of

576     Investigation, responsible for executing and administering the laws

577     and policies at issue in this lawsuit. Defendant directly deprived

578     Plaintiff of his civil rights, with malice, and with careful planning and

579     conspiracy with others. Plaintiff resides at One Center Plaza. Boston

580     MA 02108

581

582    59. Defendant JOHN DOE 010 is sued in his/her official capacity and

583         individually as a Special Agent for Federal Bureau of Investigation,

584         responsible for executing and administering the laws and policies at

585         issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

586         rights, with malice, and with careful planning and conspiracy with

587         others. Plaintiff resides at One Center Plaza. Boston MA 02108

588

589    60. Defendant JOHN DOE 011 is sued in his/her official capacity and

590         individually as a Special Agent for Federal Bureau of Investigation,

591         responsible for executing and administering the laws and policies at

592         issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

593         rights, with malice, and with careful planning and conspiracy with

594         others. Plaintiff resides at One Center Plaza. Boston MA 02108

595

596    61. Defendant JOHN DOE 012 is sued in his/her official capacity and

597         individually as a Special Agent for Federal Bureau of Investigation,

598         responsible for executing and administering the laws and policies at

599         issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

600         rights, with malice, and with careful planning and conspiracy with

601         others. Plaintiff resides at One Center Plaza. Boston MA 02108

602

603    62.Defendant JOHN DOE 013 is sued in his/her official capacity and

604        individually as a Special Agent for Federal Bureau of Investigation,

605        responsible for executing and administering the laws and policies at

606        issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

607        rights, with malice, and with careful planning and conspiracy with

608        others. Plaintiff resides at One Center Plaza. Boston MA 02108

609

610    63.Defendant JOHN DOE 014 is sued in his/her official capacity and

611        individually as a Special Agent for Federal Bureau of Investigation,

612        responsible for executing and administering the laws and policies at

613        issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

614        rights, with malice, and with careful planning and conspiracy with

615        others. Plaintiff resides at One Center Plaza. Boston MA 02108

616

617    64.Defendant JOHN DOE 015 is sued in his/her official capacity and

618        individually as a Special Agent for Federal Bureau of Investigation,

619        responsible for executing and administering the laws and policies at

620        issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

621        rights, with malice, and with careful planning and conspiracy with

622 | others. Plaintiff resides at One Center Plaza. Boston MA 02108

623 |

624 | 65. Defendant ROSEMARY LESCH is sued in his/her official capacity

625 | and individually as a Ambulance Department Head, EMT, and

626 | Harbormaster for Town of Rockport, responsible for executing and

627 | administering the laws and policies at issue in this lawsuit. Defendant

628 | directly deprived Plaintiff of his civil rights, with malice, and with

629 | careful planning and conspiracy with others. Plaintiff resides at 168

630 | Main Street, Rockport, MA 10966

631 |

632 | 66. Defendant SCOTT STORY is sued in his/her official capacity and

633 | individually as a Ambulance Department Head, EMT, and

634 | Harbormaster for Town of Rockport, responsible for executing and

635 | administering the laws and policies at issue in this lawsuit. Defendant

636 | directly deprived Plaintiff of his civil rights, with malice, and with

637 | careful planning and conspiracy with others. Plaintiff resides at 168

638 | Main Street, Rockport, MA 10966

639 |

640 | 67. Defendant RITA BUDROW is sued in his/her official capacity and

641 | individually as a EMT for Town of Rockport, responsible for

642   executing and administering the laws and policies at issue in this

643   lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

644   malice, and with careful planning and conspiracy with others. Plaintiff

645   resides at 27 Hodgkin's St., Rockport MA 01966

646

647   68.Defendant  JANE CARR is sued in his/her official capacity and

648   individually as a EMT for Town of Rockport, responsible for

649   executing and administering the laws and policies at issue in this

650   lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

651   malice, and with careful planning and conspiracy with others. Plaintiff

652   resides at 27 Granite St, Rockport MA 01966

653

654   69.Defendant  JANE CARR is sued in his/her official capacity and

655   individually as a EMT for Lyons Ambulance, responsible for

656   executing and administering the laws and policies at issue in this

657   lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

658   malice, and with careful planning and conspiracy with others. Plaintiff

659   resides at 27 Granite St, Rockport MA 01966

660

661   70.Defendant  JANE CARR is sued in his/her official capacity and

662     individually as a EMT and Nurses Aid for Beverly Hospital,

663     responsible for executing and administering the laws and policies at

664     issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

665     rights, with malice, and with careful planning and conspiracy with

666     others. Plaintiff resides at 27 Granite St, Rockport MA 01966

667

668     71. Defendant  DIANNA CRUDDEN is sued in his/her official capacity

669     and individually as a EMT for Town of Rockport, responsible for

670     executing and administering the laws and policies at issue in this

671     lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

672     malice, and with careful planning and conspiracy with others. Plaintiff

673     resides at 3 Hilltop Lane, Rockport MA 01966

674

675     72. Defendant  JOHN DOE 016 is sued in his/her official capacity and

676     individually as a EMT for Town of Rockport, responsible for

677     executing and administering the laws and policies at issue in this

678     lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

679     malice, and with careful planning and conspiracy with others. Plaintiff

680     resides at 34 Broadway, Rockport, MA 01966.

681

682    73. Defendant JOHN DOE 017 is sued in his/her official capacity and

683        individually as a EMT for Town of Rockport, responsible for

684        executing and administering the laws and policies at issue in this

685        lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

686        malice, and with careful planning and conspiracy with others.

687

688    74. Defendant JOHN DOE 018 is sued in his/her official capacity and

689        individually as a EMT for Town of Rockport, responsible for

690        executing and administering the laws and policies at issue in this

691        lawsuit. Plaintiff resides at 34 Broadway, Rockport, MA 01966.

692

693    75. Defendant JOHN DOE 019 is sued in his/her official capacity and

694        individually as a EMT for Town of Rockport, responsible for

695        executing and administering the laws and policies at issue in this

696        lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

697        malice, and with careful planning and conspiracy with others. Plaintiff

698        resides at 34 Broadway, Rockport, MA 01966.

699

700    76. Defendant JOHN DOE 020 is sued in his/her official capacity and

701        individually as a EMT for Town of Rockport, responsible for

702      executing and administering the laws and policies at issue in this

703      lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

704      malice, and with careful planning and conspiracy with others. Plaintiff

705      resides at 34 Broadway, Rockport, MA 01966.

706

707      77. Defendant JOHN DOE 021 is sued in his/her official capacity and

708      individually as a EMT for Town of Rockport, responsible for

709      executing and administering the laws and policies at issue in this

710      lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

711      malice, and with careful planning and conspiracy with others. Plaintiff

712      resides at 34 Broadway, Rockport, MA 01966.

713

714      78. Defendant JOHN DOE 022 is sued in his/her official capacity and

715      individually as a EMT for Town of Rockport, responsible for

716      executing and administering the laws and policies at issue in this

717      lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

718      malice, and with careful planning and conspiracy with others. Plaintiff

719      resides at 34 Broadway, Rockport, MA 01966.

720

721      79. Defendant JOHN DOE 023 is sued in his/her official capacity and

722    individually as a EMT for Town of Rockport, responsible for

723    executing and administering the laws and policies at issue in this

724    lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

725    malice, and with careful planning and conspiracy with others. Plaintiff

726    resides at 34 Broadway, Rockport, MA 01966.

727

728    80. Defendant  JOHN DOE 024 is sued in his/her official capacity and

729    individually as a Fireman for Town of Rockport, responsible for

730    executing and administering the laws and policies at issue in this

731    lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

732    malice, and with careful planning and conspiracy with others. Plaintiff

733    resides at 34 Broadway, Rockport, MA 01966.

734

735    81. Defendant  JOHN DOE 025 is sued in his/her official capacity and

736    individually as a Fireman for Town of Rockport, responsible for

737    executing and administering the laws and policies at issue in this

738    lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

739    malice, and with careful planning and conspiracy with others. Plaintiff

740    resides at 34 Broadway, Rockport, MA 01966.

741

742     82. Defendant JOHN DOE 026 is sued in his/her official capacity and

743         individually as a Fireman for Town of Rockport, responsible for

744         executing and administering the laws and policies at issue in this

745         lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

746         malice, and with careful planning and conspiracy with others. Plaintiff

747         resides at 34 Broadway, Rockport, MA 01966.

748

749     83. Defendant JOHN DOE 027 is sued in his/her official capacity and

750         individually as a Fireman for Town of Rockport, responsible for

751         executing and administering the laws and policies at issue in this

752         lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

753         malice, and with careful planning and conspiracy with others. Plaintiff

754         resides at 34 Broadway, Rockport, MA 01966.

755

756     84. Defendant JOHN DOE 028 is sued in his/her official capacity and

757         individually as a Fireman for Town of Rockport, responsible for

758         executing and administering the laws and policies at issue in this

759         lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

760         malice, and with careful planning and conspiracy with others. Plaintiff

761         resides at 34 Broadway, Rockport, MA 01966.

762

763   85. Defendant JOHN DOE 029 is sued in his/her official capacity and

764   individually as a Fireman for Town of Rockport, responsible for

765   executing and administering the laws and policies at issue in this

766   lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

767   malice, and with careful planning and conspiracy with others. Plaintiff

768   resides at 34 Broadway, Rockport, MA 01966.

769

770   86. Defendant JOHN DOE 030 is sued in his/her official capacity and

771   individually as a Fireman for Town of Rockport, responsible for

772   executing and administering the laws and policies at issue in this

773   lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

774   malice, and with careful planning and conspiracy with others. Plaintiff

775   resides at 34 Broadway, Rockport, MA 01966.

776

777   87. Defendant JOHN DOE 031 is sued in his/her official capacity and

778   individually as a Fireman for Town of Rockport, responsible for

779   executing and administering the laws and policies at issue in this

780   lawsuit. Defendant directly deprived Plaintiff of his civil rights, with

781   malice, and with careful planning and conspiracy with others. Plaintiff

782        resides at 34 Broadway, Rockport, MA 01966.

783

784    88.Defendant  HENRY MICHALSKI is sued in his/her official capacity

785        and individually as a EMT Instructor for Lyons Ambulance,

786        responsible for executing and administering the laws and policies at

787        issue in this lawsuit. Defendant MICHALSKI has convicted of

788        conducting wide spread EMT training fraud, and during a EMT

789        training course which the Plaintiff attended, Defendant Michalski

790        instructed students to fraudulently cheat on their class times and to

791        take credit for class sessions or courses which they never attended,

792        and then conspired with other people involved in the class as either a

793        student or instructor to harass, and to violate the civil rights of the

794        Plaintiff. Defendant directly deprived Plaintiff of his civil rights, with

795        malice, and with careful planning and conspiracy with others. Plaintiff

796        resides at 135 Maple St., Danvers MA 01923

797

798    89.Defendant  PENNY MICHALSKI is sued in his/her official capacity

799        and individually as a n employee of the  Attorney Generals Office,

800        responsible for executing and administering the laws and policies at

801        issue in this lawsuit. Defendant directly deprived Plaintiff of his civil

802    rights, with malice, and with careful planning and conspiracy with

803    others.

804

805    90. Defendant  KEVIN M. LYONS is sued in his/her official capacity and

806    individually as a Owner for Lyons Ambulance Service LLC,

807    responsible for executing and administering the laws and policies at

808    issue in this lawsuit. Defendant  KEVIN M. LYONS was well aware

809    for the fraudulent training courses, that were being held in business

810    building, mere feet from his desk. Defendant directly deprived

811    Plaintiff of his civil rights, with malice, and with careful planning and

812    conspiracy with others. Plaintiff resides at 135 Maple St., Danvers

813    MA 01923

814

815    91. Defendant  FRANK CARABELLO is sued in his/her official capacity

816    and individually as a Director of Operations for Lyons Ambulance

817    Service LLC, responsible for executing and administering the laws

818    and policies at issue in this lawsuit. Defendant  FRANK

819    CARABELLO was well aware for the fraudulent training courses, that

820    were being held in business building, mere feet from his desk.

821    Defendant directly deprived Plaintiff of his civil rights, with malice,

822    and with careful planning and conspiracy with others. Plaintiff resides

823    at 135 Maple St., Danvers MA 01923

824

825    92. Defendant DARRELL MOORE is sued in his/her official capacity

826    and individually as a EMT Instructor for Lyons Ambulance Service

827    LLC, responsible for executing and administering the laws and

828    policies at issue in this lawsuit, and then conspired with other people

829    involved in the class as either a student or instructor to harass, and to

830    violate the civil rights of the Plaintiff. Defendant directly deprived

831    Plaintiff of his civil rights, with malice, and with careful planning and

832    conspiracy with others. Plaintiff resides at 135 Maple St., Danvers

833    MA 01923

834

835    93. Defendant ROBERT PIEPIORA is sued in his/her official capacity

836    and individually as a EMT Instructor for Lyons Ambulance Service

837    LLC, responsible for executing and administering the laws and

838    policies at issue in this lawsuit, and then conspired with other people

839    involved in the class as either a student or instructor to harass, and to

840    violate the civil rights of the Plaintiff. Defendant directly deprived

841    Plaintiff of his civil rights, with malice, and with careful planning and