UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. ATKINSON,<br>    PLAINTIFF<br><br>VS.<br><br>MONTSERRAT COLLEGE<br>OF ART, INC., et al.,<br>    DEFENDANTS | C.A. NO: 11-CV-11073-NMG |

### MONTSERRAT DEFENDANTS AND MONTSERRAT INDIVIDUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

#### INTRODUCTION

Defendants Montserrat College of Art, Inc. and its current and former directors, trustees and employees of Montserrat College of Art, Inc. who are purportedly sued in both their "representative capacities" (hereinafter collectively referred to as the "Montserrat Defendants"), and the same individuals who are purportedly sued in their "individual capacities" (hereinafter collectively referred to as the "Montserrat Individual Defendants")[1], hereby oppose Plaintiff's Motion for Leave to File an [sic] Fourth

---

The individual 25 Montserrat Defendants and Montserrat Individual Defendants, listed in Paragraphs 273 through 297 of the Third Amended Complaint, include:
Marshall Handly, Legal Department
Stephen Immerman, President
Brian Bicknell, Dean
Lee Dellicker, Trustee
Lecia Turcotte, Trustee
Donald Bowen, Trustee
Martha Buskirk, Trustee
Christopher Collins, Trustee
Nancy Crate, Trustee
Craig H. Derry, Trustee
Steven Dodge, Trustee
Henrietta Gates, Trustee
Miranda Gooding, Trustee
Linda Harvey, Trustee
Betsy Hopkins, Trustee

Amended Complaint ("Plaintiff's Motion to Amend"). As grounds for this opposition, the Montserrat Defendants and the Montserrat Individual Defendants state that it would be futile for the Court to allow Plaintiff's Motion to Amend.[2]

Plaintiff's Motion to Amend sets forth the following chronology:

1. Plaintiff commenced this action by filing a Complaint on June 16, 2011. *See* Plaintiff's Motion to Amend, ¶1.

2. Plaintiff filed an Amended Complaint on June 20, 2011. *Id.*, ¶1.

3. Plaintiff filed a Second Amended Complaint on June 30, 2011, purportedly "in order to correct several matters in the Amended Complaint and to attach several relevant exhibits to the [Amended] Complaint." *Id.*, ¶5.

4. Plaintiff filed a Third Amended Complaint on July 7, 2011, purportedly "in order to clarify several matters in the [Second Amended] Complaint." *Id.*, ¶6.

---

John Peterman, Trustee
Jurrien Timmer, Trustee
Charles Whitten, Trustee
Allan Wilson, Trustee
Katherine Winter, Trustee
Jo Broderick, Dean
Rick Longo, Dean
Laura Tonelli, Dean
Theresa Skelly, Registrar
Jeffrey Newell, Director of Admissions

[2] Plaintiff states that, "On October 11, 2011, Plaintiff conferred with the Defendants counsel who was willing to confer by telephone with the Plaintiff, and each acknowledged that they would not opposed [sic] allowing the proposed Amendment to the Plaintiff's Complaint, and would in fact welcome such an amendment in order to clarify matters. However, the Counsel for several Defendants were not available to be conferred with, and refused for days afterward to return the Plaintiff telephone call to discuss this proposed Amendment." Plaintiff's Motion to Amend, ¶¶31-32. Counsel for the Montserrat Defendants and the Montserrat Individual Defendants deny that they either "conferred" with plaintiff regarding such an amendment – let alone expressed that they would not oppose it or that they "welcome[d]" it – or "refused" to return any call to plaintiff which related to this subject. Although this is a moot subject, given the position of the Montserrat Defendants and the Montserrat Individual Defendants, the Court should be aware of this misstatement by plaintiff.

2

5. Plaintiff had prepared a Fourth Amended Complaint by July 18, 2011, which purportedly "provided greater clarity in a number of matters, and brought to bear with greater specificity police misconduct, severe civil rights violations, illegal gun smuggling, and very grave misconduct on the part of the Commonwealth of Massachusetts and others, and very serious violations of Federal Laws by official actors." *Id.*, ¶¶7-8.

6. On July 19, 2011, the court ordered that "Plaintiff may not file any further amended complaints until after the Defendants have filed a response to the Third Amended Complaint and upon filing of a motion for leave to file, with good cause shown." *Id.*, ¶11.

Plaintiff's Motion to Amend represents the latest effort by plaintiff to burden the Montserrat Defendants, the Montserrat Individual Defendants and this Court with his paranoid and delusional allegations of a "grand conspiracy", involving well over one hundred defendants, to "deprive" him of his civil rights.[3] Plaintiff's pleadings, *i.e.*, the four previous incarnations of his Complaint, now number nearly two thousand pages of allegations. Plaintiff has compounded this ridiculousness by filing multiple, lengthy oppositions to various defendants' motions, which are often little more than duplications of a single filing, as well as by inundating the Court with spurious requests for defaults as to numerous defendants, including two of the Montserrat Defendants.

The stated purpose for which plaintiff now seeks to file a Fourth Amended Complaint is:

---

[3] To the extent that plaintiff continues to assert that the Second Amendment to the United States Constitution effectively renders invalid any Massachusetts statute that relates to regulation of possession of firearms, the Court may wish to note that the Massachusetts Supreme Judicial Court recently affirmed the conviction of a defendant for illegal possession of firearms and held that M.G.L. c. 269, §10 (h)(1) was not an unconstitutional infringement of defendant's right to bear arms. *Com.* v. *Loadholt*, 2011 LEXIS 845 (Mass., Oct. 11, 20110).

19. ... to allow it to be more easily read by the defendants and to clarify those portion [sic] which may not be clear, *to describe in further detail the issues in this action*, eliminating disputes or Defendants [sic] motions that would waste this Court's time.

20. There are a number of typographical errors, incorrect punctuation, and grammatical mistakes in the Third Amended Complaint which are significant and which need to be corrected, which may be contributing to the difficulty in reading.

21. Several parties are mentioned with specificity in the body of the complaint, but which were omitted from the caption due to an error that will be corrected in an amendment.

22. The identity of a number of Defendant John or Jane Does have been ascertained, and the Complaint therefore needs to be amended in order to include these Defendants by name. The proper procedure for a party to add Defendants is to seek leave to amend the complaint.

(Emphasis supplied.)

Plaintiff's Motion to Amend is oblivious to what has already transpired in this case. Specifically, the Montserrat Defendants and the Montserrat Individual Defendants, as well as all other defendants, have filed motions to dismiss pursuant to Rule 12 (b)(6) for failure to state claims for which relief may be granted.[4] Plaintiff misapprehends the basis for those motions – which have asserted the complete absence of any factual or legal basis for his allegations that the Montserrat Defendants and/or the Montserrat Individual Defendants have "conspired" with others to deprive him of his constitutional rights – as an inability to "understand" what he purports to allege. Plaintiff suggests that he can rectify any inability to "understand" his claims, if he is afforded the opportunity to "simplify" and "add more detail" to his allegations, a suggestion which is entirely inapposite to the true problem: he has not stated claims for which relief can be granted against the Montserrat Defendants or the Montserrat Individual Defendants. No amount

---

[4] In the interest of brevity, these motions are incorporated by reference herein.

of improved typing, punctuation or grammar, let alone yet more "detail", can cure that fatal deficiency.

Although Rule 15 (a) of the Federal Rules of Civil Procedure provides, in part, that leave to amend pleadings "shall be freely given when justice so requires[,]" this Court "enjoy[s] 'significant latitude in deciding whether to grant leave to amend.'" *Cameron v. Idearc Media Corp.*, 2009 LEXIS 71786 (D.Mass., Aug. 13, 2009) *3, *quoting U.S. ex rel Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st cir. 2009). "Futility of the amendment constitutes an adequate reason to deny the motion to amend." *Todisco v. Verizon Communications, Inc.*, 497 F.3d 95, 98 (1st Cir. 2007), *citing Adorno v. Crowley Towing & Transp. Co.* 443 F.3d 122, 126 (1st Cir. 2006). In this context, "'[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Abraham v. Woods Hole Oceanographic Institute*, 553 F.3d 114, 117 (1st Cir. 2009), *quoting Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

Thus, "'[i]n assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12 (b)(6).'" *Cameron, supra* at *3, *quoting Adorno, supra* at 126. *See also Glassman, supra* at 623 ("There is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim.") It is therefore necessary and appropriate for the Court to view Plaintiff's Motion to Amend in light of the motions to dismiss already filed under Rule 12 (b)(6), *i.e.*, Plaintiff's Motion to Amend should be denied as futile if it would still fail to state a claim. Significantly, Plaintiff's Motion to Amend offers the Court no reasonable basis to infer that the Fourth Amended Complaint will state any claim against the Montserrat Defendants and the Montserrat Individual

Defendants that is any more legally cognizable than any of his previously-filed allegations in this case.

It is theoretically possible – although highly implausible – that the Fourth Amended Complaint, which has yet to be seen, may actually state some cognizable claim(s) against some heretofore unidentified defendants. That theoretical possibility, however, should not prevent the Court from deciding that plaintiff has alleged no such cognizable claims against the Montserrat Defendants or the Montserrat Individual Defendants, notwithstanding that he has already undertaken to do so in *four separate iterations* of pleadings. Enough is enough, and the Court should allow the motions to dismiss filed by these defendants and deny Plaintiff's Motion to Amend as futile.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend should be denied.

Respectfully submitted,

DEFENDANTS,
MONTSERRAT DEFENDANTS and
MONTSERRAT
INDIVIDUAL DEFENDANTS,
By their Attorneys,

*/s/ Peter C. Kober*

Robert J. Murphy, BBO #363760
Peter C. Kober, BBO #276260
MURPHY & RILEY, P.C.
101 Summer Street
Boston, MA 02110
(617) 423-3700
RMurphy@MurphyRiley.com
PKober@MurphyRiley.com

**Dated: October 26, 2011**

## CERTIFICATE OF SERVICE

I, Peter C. Kober, hereby certify that on October 26, 2011, a copy of the foregoing has been served upon the *pro se* plaintiff by first-class mail, and upon each represented party electronically through the Court's CM/ECF system.

_/s/ Peter C. Kober_
Peter C. Kober