UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. ATKINSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TOWN OF ROCKPORT, et al., )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 11-11073-NMG |

# REPORT AND RECOMMENDATION ON MOTION OF
# MARTHA COAKLEY AND MARK A. PULLI TO DISMISS

November 1, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff James M. Atkinson ("Atkinson") has filed a 474 page *pro se* complaint naming well over 100 defendants, including Attorney General Martha Coakley and Mark. A. Pulli, an investigator in the Attorney General's office (the "AG Defendants"). This matter is presently before the court on the AG Defendants' "Motion to Dismiss Plaintiff's Third Amended Complaint"(Docket No. 21), pursuant to which the AG Defendants are seeking to have the Third Amended Complaint ("Compl.")[1] dismissed as against them for failure to comply with the pleading requirements of Rule 8.[2] "While a

---

[1] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

[2] Other defendants have filed similar motions to dismiss. This court previously has issued a Report and Recommendation recommending that the complaint be dismissed against the Town of Rockport Defendants for failure to comply with Fed. R. Civ. P. 8. (Docket No. 205).

court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). Because the Third Amended Complaint is such a pleading, this court recommends to the District Judge to whom this case is assigned that the AG Defendants' motion to dismiss be ALLOWED.

## II. STATEMENT OF FACTS

### Overview of the Complaint

Atkinson "is a U.S. Citizen by birth; a civil libertarian; [and] a disabled U.S. Veteran with Honorable Service[.]" Compl. ¶ 1. His 474 page complaint contains 54 Counts, 57 Prayers for Relief, and over 100 defendants. In addition to the AG Defendants, the defendants include, but are not limited to, the Commonwealth of Massachusetts, the Town of Rockport, the Essex County Sheriff's Department, two hospitals, three colleges, two private corporations, the Department of Energy, the State Department, and the CIA, as well as these entities' officers and employees and dozens of "John Does." This court will not attempt to detail all the allegations in the complaint. For present purposes, a brief review of some key components of the complaint is sufficient. For example, in his introductory paragraphs, Atkinson describes his complaint as follows:

2. This action for deprivation of civil rights under color of law, and also challenges to various unconstitutional Massachusetts statutes in regard to the keeping and, or of bearing arms to the extent that they prohibit otherwise qualified private citizens from keeping or carrying arms for the purpose of self-defense.

3. This action is also for Civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violations; violations of federal wiretapping statutes; violations of the False Claims Acts and/or to obtain Federal Funds; violation of Electronic Communications laws; Monopolies and Restraint of Trade violations; Economic Espionage Act, 18 U.S.C. 1831 violations; Export Violations; violation of FDA's prohibition against promoting before FDA has approved the device for commercial distribution; as well as criminal violation of the laws and statutes of the United States of America and of the Commonwealth of Massachusetts by state agents, agencies, and private entities working in concert with the state and acting under color of law.

4. Plaintiff seeks a declaratory judgment, injunctive relief, actual damages, general damages, special damages, compensatory damages, punitive damages, attorney's fees, costs, and other relief this court deems appropriate.

In the caption, Atkinson lists the following causes of action:

42 U.S.C. §§ 1983, 1985, 1988, 1981a
U.S. Constitution, Article Four, Section 2
FIRST AMENDMENT
SECOND AMENDMENT
FOURTH AMENDMENT
FIFTH AMENDMENT
SIXTH AMENDMENT
EIGHTH AMENDMENT
NINTH AMENDMENT
FOURTEENTH AMENDMENT
18 U.S.C. §§ 1961-1968
18 U.S.C. §§ 2510-2522
31 U.S.C. §§ 3729-3733
47 U.S.C. §§ 2.1-1305
15 U.S.C. §§ 1-38
18 U.S.C. § 1831

```
18 U.S.C. § 1951
18 U.S.C. § 371
22 U.S.C. § 2778
36 U.S.C. § 407
28 U.S.C. § 1443
28 U.S.C. §§ 1446-1449
22 U.S.C. § 2778
50 U.S.C. § 2410
22 CFR, § 120-130
MASSACHUSETTS CONSTITUTION, PART THE FIRST, ARTICLE XVII
12 M.G.L. § 11H
265 M.G.L. § 37
263 M.G.L. § 3
268 M.G.L. § 1
268 M.G.L. § 1A
268 M.G.L. § 2
268 M.G.L. § 3
268 M.G.L. § 4
268 M.G.L. § 6
268 M.G.L. § 6A
268 M.G.L. § 13B
268 M.G.L. § 13E
268 M.G.L. § 36
268A M.G.L. § 9
272 M.G.L. § 99
272 M.G.L. § 105
```

The complaint is replete with legal arguments. See, e.g., ¶¶ 415-23. While this court is unable to concisely summarize the complaint, it does appear that Atkinson's primary dispute relates to enforcement of laws regulating firearms. Thus, after charging that the Commonwealth has imposed "various licensing scheme [sic] that exists for no reason but to deprive law abiding citizens of defensive arms in their home or businesses[,]" Compl. ¶ 41, Atkinson further alleges that the Commonwealth, "with the approval of the Attorney General of the Commonwealth[,]" "continues to unlawfully and

with ill and criminal intent forcibly and with deceit enter law abiding businesses, and homes of citizens who are fully qualified by law to possess arms, and to take those arms away by force and by deception in direct violation of Federal law[.]" Id. ¶ 42. He also charges that the "Commonwealth encourages law enforcement officers to lie and to perjure himself or herself in order to gain arrest or search warrants" knowing that the Attorney General will not prosecute them. Id. ¶ 43. Thirty-four of the 55 counts challenge the constitutionality of Massachusetts' firearms statutes and regulations. See, e.g., ¶¶ 406-59. However, there is no effort to explain why most of the specific defendants are the proper defendants to such a challenge, and the plaintiff does not explain how all the cited statutes, regulations and constitutional provisions relate to his claim.

**The AG Defendants**

Atkinson has identified the AG Defendants as follows:

263. Defendant MARTHA COAKLEY is sued in his/her official capacity and individually as the Attorney General for Commonwealth of Massachusetts, responsible for executing and administering the laws and policies at issue in this lawsuit. Defendant refuses to protect, enforce, or defend the U.S. Constitution, refuses to enforce, to protect or defend the Bill of Rights, and steadfastly refuses to enforce or obey the decisions of the U.S. Supreme Court in regards to the Second and Fourteenth Amendment and other laws described herein. Defendant encouraged, endorsed, organized, and/orchestrated an ongoing criminal enterprise, and a widespread cover-up. Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. Defendant has prior history of civil right abuses, and has previously been sued in Federal District court over such civil right violations, which forms a long-term course of conduct, committed with despicable arrogance, and which shocks the conscience. Any veil of immunity, which this defendant may have previously

enjoyed by virtue of their office or position, is "pierced and ripped asunder" due to their infringement and deprivation of the Constitutional Rights of the Plaintiff, and thus this Defendant (and all other Defendants) stands fully naked and vulnerable before the court, with no immunity of any form. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendant resides at One Ashburton Place, Boston, MA 02108-1518.

Similar allegations are made against defendant Mark Pulli. Thus, Atkinson has alleged:

> 267. Defendant MARK PULLI is sued in his/her officient capacity and individually as an Investigator for Commonwealth of Massachusetts, responsible for executing and administering the laws and policies at issue in this lawsuit. Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. Defendant encouraged, endorsed, organized, and/orchestrated an ongoing criminal enterprise, and a widespread cover-up. Any veil of immunity, which this defendant may have previously enjoyed by virtue of their office or position, is "pierced and ripped asunder" due to their infringement and deprivation of the Constitutional Rights of the Plaintiff, and thus this Defendant (and all other Defendants) stands fully naked and vulnerable before the court, with no immunity of any form. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of

> his civil rights. Defendant resides at One Ashburton Place, Boston, MA 02108-1518.

As detailed in these quoted provisions, the AG Defendants are accused of participating in a conspiracy as well as a criminal enterprise, but no details are provided. No further explanation is included in his opposition to the motion to dismiss, in which Atkinson argues:

> As the Attorney General and her staff (to include Mark Pulli) has in fact "enforced" or "attempted to enforce" a state law that is itself a violation of Federal Law, and a violation of the Constitution and the Bill of Rights; the Attorney General, to include her staff becomes a primary actor of misdeeds, and of criminal conduct under 18 U.S.C. § 1414[.]

Pl. Opp. (Docket No. 56) at 6.

Additional facts will be provided below where appropriate.

### III. ANALYSIS

Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Thus the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quotations and citations omitted)). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL

2681195, at *2 (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (internal punctuation and additional citations omitted)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Commonwealth of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43 page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed.R.Civ.P. 8). It is also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes." Sherwood Forest Neighbors Assoc., Inc. v. Town of Becket, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8). For example, but without limitation, and as detailed above, the allegations against the Attorney General and Mr. Pulli go on for paragraphs, and combine seemingly unrelated claims, yet contain no facts to support any of these repetitive charges. Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves the defendants without an explanation of the claims against them. See Educadores

Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to 'eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets'") (quotation omitted). Moreover, despite the claims that the numerous defendants conspired with each other, there are no details as to "what part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties." Benyamin, 2011 WL 2681195, at *3 (quotations omitted). The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim. See Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In his opposition to the motion to dismiss, Atkinson argues that the complaint is readable and understandable, asserting that it "has a Flesch-Kincaid (English) Reading Ease score of 23" which makes it easier to understand than many other publications. Pl. Opp. (Docket No. 56) at 9-12. However, this argument misses the mark. It is not that the words the plaintiff uses are incomprehensible. Rather, it is the fact that the complaint as a whole is unduly complicated and lengthy, and consists of unfocused allegations that fail to include facts describing "who did what to whom, when, where and why." See Benyamin, 2011 WL 2681195, at *2 (quotations and citation omitted). Moreover, the plaintiff has attempted to combine seemingly unrelated defendants and charges without explanation. In short, Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5

(quoting Prezzi v. Bevzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint fails to comply with the requirements or goals of Fed.R.Civ.P. 8(a)(2), it should be dismissed. Id.

## IV. **CONCLUSION**

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the AG Defendants' Motion to Dismiss (Docket No. 21) be ALLOWED.[3]

                                              / s / Judith Gail Dein
                                              Judith Gail Dein
                                              United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).