UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES M. ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-11073-NMG |
| TOWN OF ROCKPORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION ON MOTION
### OF PETER W. CURATOLO TO DISMISS

November 4, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, James M. Atkinson ("Atkinson"), has filed a 474-page *pro se* complaint naming well over 100 defendants, including Dr. Peter W. Curatolo ("Dr. Curatolo"). This matter is presently before the court on the "Motion by Defendant, Peter W. Curatolo, to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. Rule 8 and 12(b)(4)" (Docket No. 24). Pursuant to this motion, Dr. Curatolo is seeking to have the Third Amended Complaint ("Compl.")[1] dismissed as against him for failure to comply with the pleading requirements of Rule 8 and due to insufficient process.

---

[1] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

As in the case of other defendants, this court recommends that the Complaint be dismissed due to a failure to comply with Rule 8.[2] This court recognizes that "[w]hile a court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). The Third Amended Complaint is such a pleading, thereby warranting dismissal.

With respect to Dr. Curatolo's contention that process was insufficient, however, this court finds that this argument is without merit. Dr. Curatolo has not supported his claim of insufficient process with any affidavits. From the return of service filed with the court, it appears that Dr. Curatolo was served with the summons and complaint in a manner consistent with Massachusetts law.

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Dr. Curatolo's motion to dismiss be ALLOWED. Specifically, this court recommends that Atkinson's claims against Dr. Curatolo be

---

[2] Other defendants have filed similar motions to dismiss. This court previously has issued Reports and Recommendations ("R&R") recommending that the complaint be dismissed against the Town of Rockport Defendants and the AG Defendants for failure to comply with Fed. R. Civ. P. 8. (Docket Nos. 205, 210). Due to the similarity in the arguments raised, this decision will basically track the other R&Rs.

dismissed on the grounds that the complaint fails to comply with Fed. R. Civ. P. 8, but not on the grounds that the plaintiff has failed to comply with Fed. R. Civ. P. 12(b)(4).

## II. STATEMENT OF FACTS

### Overview of the Complaint

Atkinson "is a U.S. Citizen by birth; a civil libertarian; [and] a disabled U.S. Veteran with Honorable Service[.]" Compl. ¶ 1. His 474-page complaint contains 54 Counts, 57 Prayers for Relief, and over 100 defendants. In addition to Dr. Curatolo, the defendants include, but are not limited to, the Commonwealth of Massachusetts, the Town of Rockport, the Essex County Sheriff's Department, the Attorney General of the Commonwealth of Massachusetts and an inspector in the office, two hospitals, three colleges, two private corporations, the Department of Energy, the State Department, and the CIA, as well as these entities' officers and employees and dozens of "John Does." This court will not attempt to detail all the allegations in the complaint. For present purposes, a brief review of some key components of the complaint is sufficient. For example, in his introductory paragraphs, Atkinson describes his complaint as follows:

> 2. This action for deprivation of civil rights under color of law, and also challenges to various unconstitutional Massachusetts statutes in regard to the keeping and, or of bearing arms to the extent that they prohibit otherwise qualified private citizens from keeping or carrying arms for the purpose of self-defense.
>
> 3. This action is also for Civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violations; violations of federal wiretapping statutes; violations of the False Claims Acts and/or to obtain Federal Funds; violation of Electronic Communications laws; Monopolies and Restraint of Trade violations; Economic Espionage

Act, 18 U.S.C. 1831 violations; Export Violations; violation of FDA's prohibition against promoting before FDA has approved the device for commercial distribution; as well as criminal violation of the laws and statutes of the United States of America and of the Commonwealth of Massachusetts by state agents, agencies, and private entities working in concert with the state and acting under color of law.

4. Plaintiff seeks a declaratory judgment, injunctive relief, actual damages, general damages, special damages, compensatory damages, punitive damages, attorney's fees, costs, and other relief this court deems appropriate.

In the caption, Atkinson lists the following causes of action:

42 U.S.C. §§ 1983, 1985, 1988, 1981a
U.S. Constitution, Article Four, Section 2
FIRST AMENDMENT
SECOND AMENDMENT
FOURTH AMENDMENT
FIFTH AMENDMENT
SIXTH AMENDMENT
EIGHTH AMENDMENT
NINTH AMENDMENT
FOURTEENTH AMENDMENT
18 U.S.C. §§ 1961-1968
18 U.S.C. §§ 2510-2522
31 U.S.C. §§ 3729-3733
47 U.S.C. §§ 2.1-1305
15 U.S.C. §§ 1-38
18 U.S.C. § 1831
18 U.S.C. § 1951
18 U.S.C. § 371
22 U.S.C. § 2778
36 U.S.C. § 407
28 U.S.C. § 1443
28 U.S.C. §§ 1446-1449
22 U.S.C. § 2778
50 U.S.C. § 2410
22 CFR, § 120-130
MASSACHUSETTS CONSTITUTION, PART THE FIRST, ARTICLE XVII

12 M.G.L. § 11H
265 M.G.L. § 37
263 M.G.L. § 3
268 M.G.L. § 1
268 M.G.L. § 1A
268 M.G.L. § 2
268 M.G.L. § 3
268 M.G.L. § 4
268 M.G.L. § 6
268 M.G.L. § 6A
268 M.G.L. § 13B
268 M.G.L. § 13E
268 M.G.L. § 36
268A M.G.L. § 9
272 M.G.L. § 99
272 M.G.L. § 105

The complaint is replete with legal arguments. See, e.g., ¶¶ 415-23. While this court is unable to concisely summarize the complaint, it does appear that Atkinson's primary dispute relates to the enforcement of laws regulating firearms. Thus, 34 of the 55 counts challenge the constitutionality of Massachusetts' firearms statutes and regulations. See, e.g., ¶¶ 406-59. However, there is no effort to explain why most of the specific defendants are the proper defendants to such a challenge, or to explain how all the cited statutes, regulations and constitutional provisions relate to his claim.

### Dr. Curatolo

According to Dr. Curatolo, he is a radiologist at Beverly Radiology Associates and Beverly Hospital. Def. Mem. (Docket No. 25) at 2. Atkinson has alleged that Dr. Curatolo is affiliated with Addison Gilbert Hospital. Specifically, Atkinson asserts:

>326. Defendant PETER W. CURATOLO is sued in his/her official
>capacity and individually as a Physician for Addison Gilbert

> Hospital, responsible for executing and administering the laws and policies at issue in this lawsuit. Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. Any veil of immunity, which this defendant may have previously enjoyed by virtue of their office or position, is "pierced and ripped asunder" due to their infringement and deprivation of the Constitutional Rights of the Plaintiff, and thus this Defendant (and all other Defendants) stands fully naked and vulnerable before the court, with no immunity of any form. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendant resides at ....

Compl. ¶ 326.

As detailed in this quoted provision, Dr. Curatolo is accused of participating in a conspiracy as well as in a criminal enterprise, but no details are provided. Moreover, in his opposition to the motion to dismiss, Atkinson does not explain why this doctor would be responsible for the gun laws Atkinson is challenging. Rather, he argues only as follows:

> [ ] Defendant unlawfully conspired with actors within the Town of Rockport and, acting under the color of law and as an agent of the police, to create a chain of events that did deprive the Plaintiff of his civil rights and with the Defendant operating other rights under law. As this deprivation of rights was a continuum of interconnected events, and while the Defendant by [sic] have had limited involvement, he is nonetheless liable for the entirety of the infringement due to any involvement at all.

[ ]     Defendant further performed medical malpractice, by rendering medical treatments, diagnosis, and opinions without actually examining the Plaintiff.

Pl. Opp. (Docket No. 50) at 6.

### **Service of Process**

Dr. Curatolo challenges the sufficiency of the process served upon him, although he has not filed any affidavit attesting to the facts he deems are significant. According to the return of service filed with the court, on August 25, 2011, Peter G. Rossman of Rockport, Massachusetts served Dr. Curatolo at a specified address by leaving a copy of the complaint and summons between the doors next to the garage. Proof of Service (Docket No. 36) at p. 7. Dr. Curatolo challenges both the fact that the complaint was not left "with someone of suitable age and discretion who resides there," and the fact that the summons, as received by the defendant, "fails to state the date in which it was served, as well as any attestation that it was served by someone authorized to do so." Def. Mem. (Docket No. 25) at 8. Dr. Curatolo does not reference the return of service filed with the court. Nor does he allege that the service was made at an improper address, or that he did not receive the complaint and summons.

Additional facts will be provided below where appropriate.

## III. ANALYSIS

### A. Pleading Requirements of Fed. R. Civ. P. 8

Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Thus, the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002)) (quotations and citations omitted). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2 (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004)) (internal punctuation and additional citations omitted). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43-page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed. R. Civ. P. 8). It is also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes." Sherwood Forest Neighbors Ass'n, Inc. v. Town of Becket, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8). For example, but without limitation, and as detailed above, the allegations against Dr. Curatolo go on for paragraphs, and combine seemingly unrelated claims, yet contain no facts to support any of these repetitive charges. Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves the defendant without an explanation of the claims against him. See Educadores Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets") (quotation omitted). Moreover, despite the claims that the numerous defendants conspired with each other, there are no details as to "what part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties." Benyamin, 2011 WL 2681195, at *3 (quotations omitted). The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim. See Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In his opposition to the motion to dismiss, Atkinson argues that the complaint is readable and understandable, asserting that it "has a Flesch-Kincaid (English) Reading Ease score of 23," which makes it easier to understand than many other publications. Pl. Opp. (Docket No. 50) at 11-15. However, this argument misses the mark. It is not that the words the plaintiff uses are incomprehensible. Rather, it is the fact that the complaint as a whole is unduly complicated and lengthy, and consists of unfocused allegations that fail to include facts describing "who did what to whom, when, where, and why," which renders it insufficient to meet the pleading standard set forth in Fed. R. Civ. P. 8(a). See Benyamin, 2011 WL 2681195, at *2 (quotations and citation omitted). Moreover, the plaintiff has attempted to combine seemingly unrelated defendants and charges without explanation. In short, Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5 (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint fails to comply with the requirements or goals of Fed. R. Civ. P. 8(a)(2), it should be dismissed. Id.

### B. Sufficiency of Process

Dr. Curatolo has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(4) for insufficient process. It appears, however, that he is also challenging the sufficiency of the service of process pursuant to Fed. R. Civ. P. 12(b)(5). As explained in

5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1353, at 334 (3d Ed. 2004):

> At the outset it is necessary to distinguish the motion under Rule 12(b)(4) from that under Rule 12(b)(5). An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare.

In the instant case, Dr. Curatolo challenges both the form of the summons in that it allegedly "fails to state the date in which it was served, as well as any attestation that it was served by someone authorized to do so," and the manner of service in that "a copy of the Complaint was not left at the defendant's dwelling or usual place of abode *with someone of suitable age and discretion who resides there*." Def. Mem. (Docket No. 25) at 8 (emphasis in original). Neither argument is persuasive.

Fed. R. Civ. P. 4(a) describes the contents of a summons, and Dr. Curatolo does not seem to be arguing that the summons was not in proper form. The return of service filed with the court contains the information Dr. Curatolo claims is missing — the date service was made and the identity of the person who made the service. Therefore, the form of the summons is not a basis for dismissal.

With respect to the fact that the summons and complaint were left at Dr. Curatolo's last and usual abode, it is true, as he argues, that Fed. R. Civ. P. 4(e)(2)(B)

provides that service is proper if made by leaving a copy of these documents "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" However, pursuant to Fed. R. Civ. P. 4(e)(1), service also is proper if it is made in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Pursuant to Mass. R. Civ. P. 4(d)(1), one of the proper ways to serve an individual within the Commonwealth of Massachusetts is to leave copies of the documents "at his last and usual place of abode[.]" Since that is how service of process was made in the instant case, it was proper.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Dr. Curatolo's Motion to Dismiss (Docket No. 24) be ALLOWED. Specifically, this court recommends that Atkinson's claims against Dr. Curatolo be dismissed on the grounds that the complaint fails to comply with Fed. R. Civ. P. 8, but not on the grounds that the plaintiff has failed to comply with Fed. R. Civ. P. 12(b)(4).[3]

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).