UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. ATKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 11-11073-NMG |
| TOWN OF ROCKPORT, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION ON MOTION
# BY DEFENDANT, MICHAEL ARSENIAN, M.D., TO DISMISS

November 4, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, James M. Atkinson ("Atkinson"), has filed a 474-page *pro se* complaint naming well over 100 defendants, including Michael Arsenian, M.D., ("Dr. Arsenian"). This matter is presently before the court on Dr. Arsenian's Motion to Dismiss (Docket No. 39), pursuant to which he is seeking to have the Third Amended Complaint ("Compl.")[1] dismissed as against him for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.[2] "While a court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is

---

[1] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

[2] While the motion also cites Fed. R. Civ. P. 12(b)(4) as grounds for dismissal, this is not argued and therefore is deemed waived.

generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). Because the Third Amended Complaint is such a pleading, this court recommends to the District Judge to whom this case is assigned that Dr. Arsenian's motion to dismiss be ALLOWED.

## II. STATEMENT OF FACTS

The instant motion to dismiss mirrors those filed by other defendants. This court has issued Report and Recommendations ("R&Rs") recommending the dismissal of the Third Amended Complaint against the Rockport Defendants (Docket No. 205); the Attorney General Defendants (Docket No. 210), Peter W. Curatolo (Docket No. 216) and the Hospital Defendants (Docket No. 217) for failure to comply with Fed. R. Civ. P. 8. In those R&Rs, this court has detailed the allegations of the Complaint and the causes of action asserted by Atkinson. This court will assume that the reader is familiar with those R&Rs, and those facts will not be repeated here.

### Dr. Arsenian

Atkinson has brought suit against Dr. Arsenian "in his/her official capacity and individually as a Physician for Addison Gilbert Hospital, responsible for executing and administering the laws and policies at issue in this lawsuit." Compl. ¶ 325. The generalized and conclusive assertions of wrongdoing against Dr. Arsenian are

substantially the same as those made against other defendants, and lack factual allegations in support of his claims. Thus, Atkinson alleges:

> Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. Any veil of immunity, which this defendant may have previously enjoyed by virtue of their office or position is "pierced and ripped assunder" due to their infringement and deprivation of the Constitutional Rights of the Plaintiff, and thus this Defendant (and all other Defendants) stands fully naked and vulnerable before the court, with no immunity of any form. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendant resides at ....

Compl. ¶ 325. Atkinson has further asserted that numerous defendants, including Dr. Arsenian:

> did deprive Plaintiff of required medical treatments, prescribed and required medications, deprived Plaintiff of required orthopedic shoes, and required orthopedic leg and knee braces, engaged in abusive, sadistic and brutal treatment and handling of Plaintiff, refused food to Plaintiff, and/or provided food that was rancid or inedible, or for which the Plaintiff had an allergy.

Compl. ¶ 515.

Dr. Arsenian asserts that he is a cardiologist, and that the "Complaint fails to allege the substance and dates of any interaction, communication, treatment, or the like, by and between the plaintiff and the defendant at any time." Def. Mem. (Docket No. 40)

at 5.  Atkinson's opposition to Dr. Arsenian's motion to dismiss does nothing to elucidate the factual basis for his claim.  See Pl. Opp. (Docket No. 52).  Thus, he asserts only that:

> ... Defendant unlawfully conspired with actors within the Town of Rockport and, acting under the color of law and as an agent of the police, to create a chain of events that did deprive the Plaintiff of his civil rights and with the Defendant operating other rights under law.  As this deprivation of rights was a continuum of interconnected events, Defendant are nonetheless liable for the entirety of the infringement due to any involvement at all.

Id. at 4.

Additional facts will be provided below where appropriate.

### III.  ANALYSIS

The analysis of the viability of Atkinson's claims against the Dr. Arsenian mirrors that of the sufficiency of the Complaint against other defendants.  Thus, Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002)) (quotations and citations omitted).  In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense."  Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2, (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123(1st Cir. 2004))

(internal punctuation and additional citations omitted).  At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Id. (quotation omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all."  Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985).  Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements."  Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant."  Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43-page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed.R.Civ.P. 8).  It is also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes."  Sherwood Forest Neighbors Ass'n, Inc. v. Town of Becket, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8).  For example, but without limitation, and as detailed above, the lengthy allegations against Dr. Arsenian combine seemingly unrelated claims, yet contain no facts to support any of these repetitive charges.  There is no attempt to explain how or why a cardiologist would be responsible for enforcing the gun laws Atkinson challenges, or for providing orthopedic services.  Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves the defendant without an explanation of the claims against

him.  See Educadores Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets") (quotation omitted).  Moreover, despite repeated claims that the numerous defendants conspired with each other, there are no details as to "what part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties."  Benyamin, 2011 WL 2681195, at *3 (quotations omitted).  The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim.  See Blackhouse v. TLC Properties, No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In his opposition to Dr. Arsenian's motion to dismiss, as with the others, Atkinson argues that the complaint is readable and understandable, asserting that it "has a Flesch-Kincaid (English) Reading Ease score of 23," which makes it easier to understand than many other publications.  Pl. Opp. (Docket No. 52) at 9-13.  However, this argument misses the mark.  It is not that the words the plaintiff uses are incomprehensible.  Rather, it is the fact that the complaint as a whole is unduly complicated and lengthy, and consists of unfocused allegations that fail to include facts describing "who did what to whom, when, where, and why," which renders it insufficient to meet the pleading standard set forth in Fed. R. Civ. P. 8(a).  See Benyamin, 2011 WL 2681195, at *2 (quotations and citation omitted).  Moreover, the plaintiff has attempted to combine seemingly unrelated defendants and charges without explanation.  In short, Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly

speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5 (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint fails to comply with the requirements or goals of Fed. R. Civ. P. 8(a)(2), it should be dismissed. Id.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Dr. Arsenian's Motion to Dismiss (Docket No. 39) be ALLOWED.[3]

                                       / s / Judith Gail Dein
                                       Judith Gail Dein
                                       United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).