UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. ATKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 11-11073-NMG |
| TOWN OF ROCKPORT, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION ON
# MONTSERRAT DEFENDANTS' MOTIONS TO DISMISS

November 7, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, James M. Atkinson ("Atkinson"), has filed a 474-page *pro se* complaint naming well over 100 defendants, including Montserrat College of Art, Inc. and its current and former directors, trustees and employees (the "Montserrat Defendants").[1] This matter is presently before the court on the Montserrat Defendants' Motions to Dismiss (Docket Nos. 41 & 117), pursuant to which these Defendants are

---

[1] The specific defendants are Montserrat College of Art; Marshall Handly (Legal Department); Stephen Immerman (President); Brian Bicknell (Dean); the following Trustees: Lee Dellicker, Lecia Turcotte, Donald Bowen, Martha Buskirk, Christopher Collings, Nancy Crate, Craig Deery, Steven Dodge, Henrietta Gates, Miranda Gooding, Linda Harvey, Betsy Hopkins, John Peterman, Jurrien Timmer, Charles Whitten, Alan Wilson, and Katherine Winter; the following Deans: Jo Broderick, Rick Long and Laura Tonelli; Theresa Skelly (Registrar); and Jeffrey Newell (Director of Admissions). See Compl. ¶¶ 144-53, 273-97.

seeking to have the Third Amended Complaint ("Compl.")[2] dismissed as against them in their individual and official capacities for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.[3]  "While a court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).  Because the Third Amended Complaint is such a pleading, this court recommends to the District Judge to whom this case is assigned that the Montserrat Defendants' motions to dismiss be ALLOWED.

## II. STATEMENT OF FACTS

The instant motions to dismiss mirror those filed by other defendants.  This court has issued Report and Recommendations ("R&Rs") recommending the dismissal of the Third Amended Complaint against the Rockport Defendants (Docket No. 205), the Attorney General Defendants (Docket No. 210), and others for failure to comply with Fed. R. Civ. P. 8.  In those R&Rs, this court has detailed the allegations of the Complaint

---

[2] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

[3] The Montserrat Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In light of this court's recommendation that the complaint should be dismissed under Fed. R. Civ. P. 8, this alternative basis for dismissal is not addressed.

and the causes of action asserted by Atkinson. This court will assume that the reader is familiar with those R&Rs, and those facts will not be repeated here.

## The Montserrat Defendants

Atkinson has made generalized and conclusive assertions of wrongdoing against the Montserrat Defendants, but has failed to put forth any facts in support of his claims. For example, but without limitation, Atkinson contends that Montserrat College of Art is and was "a[n] extension of a state agency, and also acting periodically as a private art college, performing the bidding, and under the control and/or influence of state law enforcement agencies." Compl. ¶ 144. The College, it is alleged, "had knowledge that the wrongs hereinafter mentioned were and continue to be done; conspired with others to commit, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do." Id. ¶ 148. Moreover, Atkinson asserts that the College "directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others," and implemented "the custom, practice and usage which violated and continue to violate Plaintiff's constitutionally, statutory and regulatory rights, activities, privileges, and immunities[.]" Id. ¶¶ 149-50. However, the plaintiff has alleged no facts from which the College can adduce what it actually did.

The same deficiencies exist with respect to the individual Montserrat Defendants. For example, Marshall Handly "is sued in his/her official capacity and individually as the

Legal Department for Montserrat College of Art, responsible for executing and administering the laws and polices at issue in this lawsuit." Id. ¶ 273. Atkinson has alleged:

> Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. Any veil of immunity, which this defendant may have previously enjoyed by virtue of their office or position is "pierced and ripped assunder" due to their infringement and deprivation of the Constitutional Rights of the Plaintiff, and thus this Defendant (and all other Defendants) stands fully naked and vulnerable before the court, with no immunity of any form. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendant resides at ....

Id. Substantially similar allegations are asserted against the other individual Montserrat Defendants. See, e.g., ¶¶ 274-97.

In the Complaint, Atkinson alleges further that, after being arrested by the Rockport Police, the Police notified the three schools he was attending "and did conspire with others to get Plaintiff's enrollment suspended . . . (based merely on being charged, not upon an actual finding of guilt)[.]" Id. ¶¶ 397-98. With respect to Montserrat, Atkinson alleges:

> Defendant Montserrat further refused to issue grades for one class (the professor stated that the Plaintiff had earned an A), and for another class issued a D- as a grade when in fact the Plaintiff had earned a B-. The value of the suspension from Montserrat College

> of Art is valued at least five million dollars of future earnings, in addition to the approximately $12,000 which a student has previously paid for fees, book, supplies, and time (valued at $325,000) the student took away from work to attend courses). Defendant utilized means of wire communication, used the mail, engaged in conspiracy, engaged in a scheme to defraud, and committed other predicate acts of a ongoing criminal enterprise in violation of U.S. RICO Statutes, and deprived the Plaintiff of his civil rights under the color of authority, and engaged in actions that shocks the conscience.

Id. ¶ 401. No further details are provided, and the individual defendants' roles are not mentioned.

The only count of the Complaint which relates to the Montserrat Defendants at all is Count 51 entitled, "While Acting Under Color of Law, Defendant Commonwealth of Massachusetts and Individual Defendants Did Deprive and/or Infringe on the Plaintiff's Civil Rights in Violation of 42 U.S.C. § 1983." Therein Atkinson alleges:

> 500. While acting as a State agency, Defendants Commonwealth of Massachusetts, Salem State College, North Shore Community College, Montserrat College of Art, and ... [42 individual defendants], Beverly National Bank, DanversBank, and various Johns Does did unlawfully suspended Plaintiff Atkinson as a student, and did punish and continue to Punish Plaintiff, for acts which the Plaintiff was never found guilty, nor for which there was every any probable cause.
>
> 501. These Defendants have exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendants directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others.
>
> 502. Plaintiff is informed and believes that is through the leadership, ratification and support of Defendants that its subordinate law enforcement agencies, and Defendants identified hereinafter, had permission to implement the custom, practice and usage which

> violated and continue to violate Plaintiff's constitutionally, statutory and regulatory rights, activities, privileges, and immunities in accordance with the united States constitution, 1st, 2nd, 4th, 5th, 6th, 8th, 9th, and 14th Amendments, and the U.S. Constitution, Article Four, Section 2, and Massachusetts Constitution, Part the First, Article XVII; Defendants are being sued in its official Capacity.
>
> 503. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson.

Atkinson's oppositions to the motions to dismiss do not provide further elucidation.[4] Therein, Atkinson contends that he was "unlawfully suspended by the College for an alleged crime of which he is fully innocent," that his grades were improperly recorded and that his supplies were stolen, among other similar charges. Pl. Opp. (Docket No. 64) at 4-5. However, even assuming that these claims state a cause of action, Atkinson fails to indicate what role, if any, the Montserrat Defendants played.

Additional facts will be provided below where appropriate.

### III. ANALYSIS

---

[4] In his oppositions to the Montserrat Defendants' motions to dismiss , Atkinson also contends that the motion to dismiss should be stricken because the Montserrat Defendants did not file answers and are in default, and because they failed to confer as required by L.R. 7.1(A)(2). See Pl. Opp. (Docket No. 64). at 1-4. However, the motions to dismiss are an appropriate responsive pleading in lieu of an answer, and Atkinson's requests for default have been denied. Moreover, given the complexity of the pleadings and the numbers of defendants involved, a conference would be impractical and unnecessary. Failure to confer is not grounds for striking the motion.

The analysis of the viability of Atkinson's claims against the Montserrat Defendants mirrors that of the sufficiency of the Complaint against other defendants. Thus, Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quotations and citations omitted)). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2, (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123(1st Cir. 2004) (internal punctuation and additional citations omitted)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43-page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed.R.Civ.P. 8). It is also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes." Sherwood Forest Neighbors Ass'n, Inc. v. Town of Becket, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8). For example, but without limitation, and as detailed above, Count 51 combines seeming unrelated defendants, who have allegedly conspired together and violated Atkinson's rights, yet no specific facts are provided to support the charges. Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves the defendants without an explanation of the claims against them. See Educadores Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets") (quotation omitted). Moreover, despite repeated claims that the numerous defendants conspired with each other, there are no details as to "what part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties." Benyamin, 2011 WL 2681195, at *3 (quotations omitted). The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim. See Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In his oppositions to the Montserrat Defendants' motions to dismiss, as with the others, Atkinson argues that the complaint is readable and understandable, asserting that it "has a Flesch-Kincaid (English) Reading Ease score of 23," which makes it easier to understand than many other publications. Pl. Opp. (Docket No. 64) at 31. However, this argument misses the mark. It is not that the words the plaintiff uses are incomprehensible. Rather, it is the fact that the complaint as a whole is unduly complicated and lengthy, and consists of unfocused allegations that fail to include facts describing "who did what to whom, when, where and why," which renders it insufficient to meet the pleading standard set forth in Fed. R. Civ. P. 8(a). See Benyamin, 2011 WL 2681195, at *2 (quotations and citation omitted). Moreover, the plaintiff has attempted to combine seemingly unrelated defendants and charges without explanation. In short, Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5 (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint fails to comply with the requirements or goals of Fed. R. Civ. P. 8(a)(2), it should be dismissed. Id.

### IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Montserrat Defendants' Motions to Dismiss (Docket Nos. 41 & 117) be ALLOWED.[5]

                                                / s / Judith Gail Dein
                                                Judith Gail Dein
                                                United States Magistrate Judge

---

[5] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).