UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. ATKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 11-11073-NMG |
| TOWN OF ROCKPORT, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION ON
# MOTION OF JOHN GOOD TO DISMISS

November 7, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, James M. Atkinson ("Atkinson"), has filed a 474-page *pro se* complaint naming well over 100 defendants, including John Good ("Good"), who is being sued in his official capacity and individually in connection with his affiliation with various institutional defendants. This matter is presently before the court on his Motion to Dismiss (Docket No. 44), pursuant to which Good is seeking to have the Third Amended Complaint ("Compl.")[1] dismissed as against him for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.[2] "While a court may dismiss a pleading that

---

[1] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

[2] While the motion also cites Fed. R. Civ. P. 12(b)(4) as grounds for dismissal, this is not argued and therefore is deemed waived.

does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). Because the Third Amended Complaint is such a pleading, this court recommends to the District Judge to whom this case is assigned that Good's motion to dismiss be ALLOWED.

## II. STATEMENT OF FACTS

The instant motion to dismiss mirrors those filed by other defendants. This court has issued Report and Recommendations ("R&Rs") recommending the dismissal of the Third Amended Complaint against the Rockport Defendants (Docket No. 205), the Attorney General Defendants (Docket No. 210), Peter W. Curatolo (Docket No. 216), the Hospital Defendants (Docket No. 217), Michael Arsenian (Docket No. 218) and the Montserrat Defendants (Docket No. 221) for failure to comply with Fed. R. Civ. P. 8. In those R&Rs, this court has detailed the allegations of the Complaint and the causes of action asserted by Atkinson. This court will assume that the reader is familiar with those R&Rs, and those facts will not be repeated here.

## The Defendant John Good

Atkinson has made generalized and conclusive assertions of wrongdoing against the Defendant John Good, but has failed to put forth any facts in support of his claims. Thus, he has alleged:

> Defendant JOHN L. GOOD is sued in his/her official capacity and individually as an Executive Vice President for Beverly National Bank, Executive Vice President for Danvers Bancorp, also as an EMT Instructor for Lyons Ambulance, an Executive at Beverly Hospital, and a bank officer for Montserrat College of Art and responsible for executing and administering the laws and policies at issue in this lawsuit. Defendant did then conspired with other people involved in the fraudulent Lyons EMT course class an instructor to harass, and to violated the civil rights of the Plaintiff [sic]. Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. The Defendant did also conspire with Montserrat College of Art, to cause the Plaintiff to be suspended as a student. Defendant encouraged, endorsed, organized, and/orchestrated an ongoing criminal enterprise, and a widespread cover-up. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendant resides at ....

Compl. ¶ 253. As Atkinson asserts in his opposition to the motion to dismiss:

> It must be noted that the Defendant John L. Good is a <u>nexus of organized criminal conduct</u>, drawing together and overlapping continuums of predicate acts and actors, providing financing, laundering of funds, concealing crimes, obstructing justice, and is being sued as a corrupt official and private actor: "in his/her official

-3-

> capacity and individually as an Executive Vice President for Beverly National Bank and Executive for Danvers Bancorp, Inc. as an EMT Instructor for Lyons Ambulance, an Executive at Beverly Hospital, and a bank officer for Montserrat College of Art, and a Commonwealth of Massachusetts EMT Examiner[.]"

Pl. Opp. (Docket No. 65) at 3, ¶ 5 (emphasis in original). No further factual allegations in support of these conclusory allegations of wrongful conduct are made.

Additional facts will be provided below where appropriate.

### III. ANALYSIS

The analysis of the viability of Atkinson's claims against the Hospital Defendants mirrors that of the sufficiency of the Complaint against other defendants. Thus, Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quotations and citations omitted)). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2, (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123(1st Cir. 2004)) (internal punctuation and additional citations omitted). At a minimum, "the

complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43-page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed.R.Civ.P. 8). It is also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes." Sherwood Forest Neighbors Ass'n, Inc. v. Town of Becket, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8). For example, but without limitation, and as detailed above, the lengthy allegations against Good combine seemingly unrelated claims, yet contain no facts to support any of these serious charges of wrongdoing and criminal conduct. Good is sued in various capacities which do not seem to bear any relationship to each other, such as a bank officer and an EMT instructor. In fact, Atkinson's description in his opposition to the motion to dismiss quoted above adds an additional capacity beyond that alleged in the complaint – "a Commonwealth of Massachusetts EMT Examiner." Nevertheless, there

are no facts which describe the actions allegedly undertaken by this defendant or which would support Atkinson's claims. Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves the defendant without an explanation of the claims against him. See Educadores Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets") (quotation omitted). Moreover, despite repeated claims that the numerous defendants conspired with each other, there are no details as to "what part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties." Benyamin, 2011 WL 2681195, at *3 (quotations omitted). The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim. See Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In his opposition to Good's motion to dismiss, as with the others, Atkinson argues that the complaint is readable and understandable, asserting that it "has a Flesch-Kincaid (English) Reading Ease score of 23," which makes it easier to understand than many other publications. Pl. Opp. (Docket No. 65) at 15-17. However, this argument misses the mark. It is not that the words the plaintiff uses are incomprehensible. Rather, it is the fact that the complaint as a whole is unduly complicated and lengthy, attempts to combine seemingly unrelated charges, and consists of unfocused allegations that fail to include facts describing "who did what to whom, when, where and why," which renders

it insufficient to meet the pleading standard set forth in Fed. R. Civ. P. 8(a).  See Benyamin, 2011 WL 2681195, at *2 (quotations and citation omitted).

In his opposition to Good's motion to dismiss, Atkinson also contends that the Motion to Dismiss should be stricken because Good did not file a timely answer and is in default, and because he failed to confer as required by L.R. 7.1(A)(2) before filing the motion.  See Pl. Opp. (Docket No. 65) at 4-9.  Atkinson is seeking an injunction requiring meaningful communication before the filing of any motions, and an order allowing the audio recording of any such consultation.  Id. at 7.  However, Atkinson's request for a notice of default against Good was denied on October 12, 2011 because Good had shown good cause for the delay, a responsive pleading (*i.e.*, the motion to dismiss) was filed before the request for default, and because the plaintiff was not prejudiced.  See Docket Entry 10/12/11; Defendant John Good's Opposition to Plaintiff's Request for Default (Docket No. 78).  Moreover, given the complexity of the pleadings, the number of defendants involved, the fact that Atkinson has filed a number of motions and amended complaints without any attempt at conferring, and the fact that "[t]here can be no doubt that [Atkinson] would have opposed the motion . . . and discussion would not have likely resolved or narrowed any of the issues involved[,]" the failure to confer is not grounds for striking the motion to dismiss.  See Blanchard v. Swaine, Civil No. 08-40073, 2010 WL 4922699, at *5 (D. Mass. Nov. 29, 2010), and cases cited; Steele v. Turner Broadcasting System, Inc., 746 F. Supp. 2d 231, 239 (D. Mass. 2010) ("The Court agrees that prior

consultation is an important precursor to motion practice but does not find the breach of that procedure in this case to be controlling").

In sum, Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5 (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint fails to comply with the requirements or goals of Fed. R. Civ. P. 8(a)(2), it should be dismissed. Id.

## IV. <u>CONCLUSION</u>

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion to Dismiss of John Good (Docket No. 44) be ALLOWED.[3]

                                                        / s / Judith Gail Dein
                                                        Judith Gail Dein

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

United States Magistrate Judge