UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES M. ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-11073-NMG |
| TOWN OF ROCKPORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION ON MOTION
# OF MELANIE GOODLAXSON TO DISMISS

November 8, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, James M. Atkinson ("Atkinson"), has filed a 474-page *pro se* complaint naming well over 100 defendants, including Melanie Goodlaxson ("Goodlaxson"), a nurse at the Essex County House of Correction. Atkinson was housed at the Essex County House of Correction from December 6, 2009 to December 7, 2009 after his arrest by the Rockport Police. This matter is presently before the court on Melanie Goodlaxson's Motion to Dismiss (Docket No. 119), pursuant to which this defendant is seeking to have the Third Amended Complaint ("Compl.")[1] dismissed as

---

[1] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

against her for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.[2]

"While a court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).  Because the Third Amended Complaint is such a pleading, this court recommends to the District Judge to whom this case is assigned that Goodlaxson's motion to dismiss be ALLOWED.

## II.  STATEMENT OF FACTS

The instant motion to dismiss mirrors those filed by other defendants.  This court has issued Report and Recommendations ("R&Rs") recommending the dismissal of the Third Amended Complaint against the Rockport Defendants (Docket No. 205), the Attorney General Defendants (Docket No. 210), Peter W. Curatolo (Docket No. 216), the Hospital Defendants (Docket No. 217), Michael Arsenian (Docket No. 218), the Montserrat Defendants (Docket No. 221), John Good (Docket No. 222), and the Chamber of Commerce and Charlotte Brown (Docket No. 223) for failure to comply with Fed. R. Civ. P. 8.  In those R&Rs, this court has detailed the allegations of the Complaint and the

---

[2] While Goodlaxson also relies on Fed. R. Civ. P. 12(b)(6) as grounds for dismissal, this court will not reach that issue in light of the conclusion that the complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8.

causes of action asserted by Atkinson. This court will assume that the reader is familiar with those R&Rs, and those facts will not be repeated here.

## **Allegations Relating to Goodlaxson**

Atkinson has made generalized and conclusive assertions of wrongdoing against Goodlaxson, but has failed to put forth any facts in support of his claims. With respect to Goodlaxson, Atkinson has alleged:

> Defendant MELANIE GOODLAXSON is sued in his/her official capacity and individually as a Nurse for Essex County Sheriff's Department, responsible for executing and administering the laws and policies at issue in this lawsuit. Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. Defendant encouraged, endorsed, organized, and/orchestrated an ongoing criminal enterprise, and a widespread cover-up. Any veil of immunity, which this defendant may have previously enjoyed by virtue of their office or position is "pierced and ripped assunder" due to their infringement and deprivation of the Constitutional Rights of the Plaintiff, and thus this Defendant (and all other Defendants) stands fully naked and vulnerable before the court, with no immunity of any form. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendant resides at ....

Compl. ¶ 310.

Goodlaxson is named in Count 53, entitled "While Acting Under Color of Law, Essex County Sheriff's Department, Rockport Police Department and Others did Deprive

and/or Infringe on the Plaintiff's Civil Rights in Violation of 42 U.S.C. § 1983." As alleged therein:

> While acting as a State agency, Defendants Essex County, Sheriffs Department, Commonwealth of Massachusetts, Melanie Goodlaxson, Frank G. Cousins, Jr., Michael Marks, Michael Frost, Michael Marino, Town of Rockport, Rockport Police Department, Addison Gilbert Hospital, Vincent P. Meoli, Michael Arsenian, Peter W. Curatolo, others named herein, and various John Does did deprive Plaintiff of required medical treatments, prescribed and required medications, deprived Plaintiff of required orthopedic shoes, and required orthopedic leg and knee braces, engaged in abusive, sadistic and brutal treatment and handling of Plaintiff, refused food to Plaintiff, and/or provided food that was rancid or inedible, or for which the Plaintiff had an allergy.

Compl. ¶ 515. Atkinson further asserts that these "Defendants have acted with deliberate indifference to the Plaintiffs serious medical needs by implementing" policies that interfere with medical treatment (¶ 516), and that they forced him "to ride long distances in unheated police and Sheriff vehicles, in sub-freezing temperatures, barely clad in a hospital gown" and to walk over ice-coated walkways with only the thinnest of socks (¶ 518). These "Defendants directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others" (¶ 519) and engaged in racketeering enterprises. Id. ¶ 521. Atkinson has not attributed any specific conduct to Goodlaxson.

As in the case of the other defendants, Atkinson's opposition to Goodlaxson's motion to dismiss does nothing to elucidate the factual basis for his claim. See Pl. Opp. (Docket No. 209). Thus, he asserts only that he was "deprived of needed medical attention, needed medications, and needed medical services" but he does not specify what

-4-

services he was deprived of, or when, or what Goodlaxson's role alleged was. See Pl.
Opp. at 1.  Rather, he asserts,

> Defendant unlawfully conspired with actors within the Town of Rockport Police Department and, acting under the color of law and as an agent of the police, to create a chain of events that did deprive the Plaintiff of his civil rights and with the Defendant operating other rights under law.  As this deprivation of rights was a continuum of interconnected events, and while the Defendant by have had limited involvement, they each are nonetheless liable for the entirety of the infringement due to any involvement at all.

Id. at 5-6.

Additional facts will be provided below where appropriate.

### III.  ANALYSIS

The analysis of the viability of Atkinson's claims against the Goodlaxson mirrors that of the sufficiency of the Complaint against other defendants.  Thus, Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quotations and citations omitted)).  In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense."  Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2, (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123(1st Cir. 2004) (internal

punctuation and additional citations omitted)).  At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Id. (quotaton omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all."  Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985).  Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements."  Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant."  Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43-page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed.R.Civ.P. 8).  It is also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes."  Sherwood Forest Neighbors Ass'n, Inc. v. Town of Becket, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8).  It is impossible to ascertain from the allegations what conduct on the part of Goodlaxson is being challenge.  Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves her without an explanation of the claims against her.  See Educadores Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets") (quotation omitted).  Moreover, despite repeated claims

that the numerous defendants conspired with each other, there are no details as to "what part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties." Benyamin, 2011 WL 2681195, at *3 (quotations omitted). The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim. See Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In his opposition to Goodlaxson's motion to dismiss, as with the others, Atkinson argues that the complaint is readable and understandable, asserting that it "has a Flesch-Kincaid (English) Reading Ease score of 23" which makes it easier to understand than many other publications. Pl. Opp. at 9. However, this argument ignores the fact that the issue is not that the words the plaintiff uses are incomprehensible. Rather, the problem is that the complaint as a whole is unduly complicated and lengthy, and consists of unfocused allegations that fail to include facts describing "who did what to whom, when, where and why," which renders it insufficient to meet the pleading standard set forth in Fed. R. Civ. P. 8(a). See Benyamin, 2011 WL 2681195, at *2 (quotations and citation omitted). Moreover, the plaintiff has attempted to combine seemingly unrelated defendants and charges without explanation. In short, Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5 (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint

fails to comply with the requirements or goals of Fed. R. Civ. P. 8(a)(2), it should be dismissed. Id.

## IV. **CONCLUSION**

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion of Melanie Goodlaxson to Dismiss (Docket No. 119) be ALLOWED.[3]

/ s / Judith Gail Dein<br>
Judith Gail Dein<br>
United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).