UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES M. ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-11073-NMG |
| TOWN OF ROCKPORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION ON
# LYONS DEFENDANTS' MOTION TO DISMISS

January 31, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, James M. Atkinson ("Atkinson"), has filed a 474-page *pro se* complaint naming well over 100 defendants, including Lyons Ambulance Service LLC, its owner Kevin Lyons, its Director of Operations Frank Carabello, and several of its EMT Instructors, namely Henry Michalski, Darrell Moore, Robert Piepiora and David Raymond, all of whom have been sued in their "official capacity and individually." They will be collectively referred to as the "Lyons Defendants." This matter is presently before the court on the Lyons Defendants' Motion to Dismiss (Docket No. 234), pursuant to which these Defendants are seeking to have the Third Amended Complaint ("Compl.")[1] dismissed as against them for failure to comply with the pleading require-

---

[1] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

ments of Fed. R. Civ. P. 8 and 9, and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). "While a court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). Because the Third Amended Complaint is such a pleading, this court recommends to the District Judge to whom this case is assigned that the Lyons Defendants' motion to dismiss be ALLOWED.[2]

## II. STATEMENT OF FACTS

The instant motion to dismiss mirrors those filed by other defendants. This court has issued Report and Recommendations ("R&Rs") recommending the dismissal of the Third Amended Complaint against the Rockport Defendants (Docket No. 205), the Attorney General Defendants (Docket No. 210), Peter W. Curatolo (Docket No. 216), the Hospital Defendants (Docket No. 217), Michael Arsenian (Docket No. 218), the Montserrat Defendants (Docket No. 221), John Good (Docket No. 222), and the Cape Ann Chamber of Commerce and Charlene Brown (Docket No. 224) for failure to comply with Fed. R. Civ. P. 8. In those R&Rs, this court has detailed the allegations of the

---

[2] In light of this conclusion, this court does not need to address the additional grounds asserted in support of the motion to dismiss.

Complaint and the causes of action asserted by Atkinson. This court will assume that the reader is familiar with those R&Rs, and those facts will not be repeated here.

Unlike most of the other defendants, the Lyons Defendants filed an answer to the Complaint. (Docket No. 18). A review of the answer establishes that these Defendants asserted repeatedly that no answer was required because the allegations were either "a statement of law" or "an opinion of law or a personal opinion of the plaintiff pertaining to said law," e.g., ¶¶ 7-46, 49-52, 56-80, or that the Defendants "have insufficient information to either admit or deny" the allegations. E.g., ¶¶ 53-54, 81-82. Contrary to the plaintiff's argument that by answering the Defendants indicated that they understood the allegations of the complaint so that they should be precluded from challenging its sufficiency, see Pl. Opp. (Docket No. 239) at ¶ 7, there is nothing in their answer which is inconsistent with the arguments raised in their motion to dismiss. In fact, the Lyons Defendants expressly raised as affirmative defenses that the Complaint failed to comply with the pleading requirements of Rules 8 and 9, see Third Affirmative Defense, and that the Complaint fails to state a claim upon which relief can be granted. See First Affirmative Defense. Thus, the fact that the Lyons Defendants filed an answer does not prelude this court from ruling on their motion to dismiss challenging the sufficiency of the pleadings of the Complaint.

**The Lyons Defendants**

Atkinson has made generalized and conclusive assertions of wrongdoing against the Lyons Defendants, but has failed to put forth any facts in support of his claims. For example, but without limitation, Atkinson contends that Lyons Ambulance is and was "an extension of a state agency, performing the bidding, and under the control and/or influence of state law enforcement agencies," a "recipient of federal funds" and "the policy-maker and fiduciary supervisors of the remaining subordinates, agents and employees identified hereunder." Compl. ¶¶ 204-06. Lyons Ambulance, it is alleged, "had knowledge that the wrongs hereinafter mentioned were and continue to be done; conspired with others to commit, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do." Id. ¶ 207. Moreover, Atkinson asserts that Lyons Ambulance "directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others," and implemented "the custom, practice and usage which violated and continue to violate Plaintiff's constitutionally, statutory and regulatory rights, activities, privileges, and immunities[.]" Id. ¶¶ 208-09. Lyons Ambulance also allegedly engaged "through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the

Plaintiff Atkinson." Id. ¶ 211. However, the plaintiff has alleged no facts from which Lyons Ambulance can adduce what it actually did.

The same deficiencies exist with respect to the individual Lyons Defendants. For example, Atkinson alleges that Henry Michalski, as the Lead EMT Instructor for Lyons Ambulance, has been convicted of "conducting wide spread EMT training fraud," and has pleaded guilty to perjury, attempted obstruction of justice and "six counts of violating the state emergency service laws." Id. ¶ 244. In addition, Atkinson also alleges that he was a student in one of Michalski's EMT training classes and that Michalski "then conspired with other people involved in the class as either a student or instructor to harass, and to violate[ ] the civil rights of the Plaintiff." Id. No other "facts" are alleged, however, and the Plaintiff proceeds to charge Michalski with a myriad of undefined wrongs, without ever describing how the Plaintiff himself was actually injured by the challenged conduct, or what other actions of the Defendant were objectionable. Thus, the allegations against Michalski include the following:

> Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. Further, Defendant made false statements, and false claims, intimated a witness or probable witness.... Any veil of immunity, which this defendant may have previously enjoyed by virtue of their office or position, is "pierced and ripped assunder" due to their infringement and deprivation of the Constitutional Rights of the Plaintiff, and thus this Defendant (and all other Defendants) stands fully naked and vulnerable before the court, with no immunity of any form. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping,

> obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded and over-stepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendant resides at ....

Id. Substantially similar allegations are asserted against Kevin Lyon and Frank Carabello who, it is alleged, were also "responsible for executing and administering the laws and policies at issue in this lawsuit," and of being "well aware of the fraudulent EMT training courses," id. ¶¶ 246-47; and Darrell Moore, Robert Piepiora and David Raymond who, in addition to being "responsible for executing and administering the laws and policies at issue in this lawsuit," allegedly "conspired with other people involved in the class as either a student or instructor to harass, and to violate[ ] the civil rights of the Plaintiff." Id. ¶¶ 248-50. In sum, while there is an inkling of a claim of wrongdoing, i.e., fraudulent EMT training classes and harassment of the Plaintiff for complaining about the same, any such claim is buried amidst rambling, incoherent and unsubstantiated charges.

The unfocused nature of the claims can be seen in Plaintiff's opposition to the motion to dismiss. Therein, Atkinson argues:

> Lyons Ambulance and the Lyons Defendants operated as an organized criminal enterprise in regards to long term and extensive EMT training fraud, and the fostering of Insurance Fraud, Medicaid, and Medicare Fraud, and False Claims against the U.S. Government.

Pl. Opp. (Docket No. 239) at ¶ 30. There are no factual allegations from which the Lyons Defendants can ascertain whether the Plaintiff has standing to assert such claims or the

factual basis for such claims. Similarly, there is no explanation as to how these Defendants can be liable under the great majority of the counts of the Complaint which challenge state laws regulating the use of firearms as being unconstitutional.

Additional facts will be provided below where appropriate.

### III. ANALYSIS

The analysis of the viability of Atkinson's claims against the Lyons Defendants mirrors that of the sufficiency of the Complaint against other defendants. Thus, Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quotations and citations omitted)). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2, (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123(1st Cir. 2004) (internal punctuation and additional citations omitted)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Commonwealth of Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43-page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed. R. Civ. P. 8). It is also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes." Sherwood Forest Neighbors Ass'n, Inc. v. Town of Becket, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8). For example, but without limitation, and as detailed above, the lengthy allegations against each of the Lyons Defendants combine seemingly unrelated claims, yet contain no facts to support any of these repetitive charges. Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves the defendants without an explanation of the claims against them. See Educadores Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets") (quotation omitted). Moreover, despite repeated claims that the numerous defendants conspired

with each other, there are no details as to "what part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties." Benyamin, 2011 WL 2681195, at *3 (quotations omitted). The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim. See Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In sum, Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5 (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint fails to comply with the requirements or goals of Fed. R. Civ. P. 8(a)(2), it should be dismissed. Id.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Lyons Defendants' Motion to Dismiss (Docket No. 234) be ALLOWED.[3]

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).