UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. ATKINSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TOWN OF ROCKPORT, et al., )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 11-11073-NMG |

**REPORT AND RECOMMENDATION ON
MOTION OF REI DEFENDANTS TO
DISMISS AND/OR FOR SUMMARY JUDGMENT**

February 22, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, James M. Atkinson ("Atkinson"), has filed a 474-page *pro se* complaint naming well over 100 defendants, including Research Electronics International, LLC ("REI"); six employees of the company – Thomas H. Jones, Bruce Barsumian, Trish Webb, Lee Jones, Pamela McIntyre and Michelle Gaw; two spouses of employees – Arlene J. Barsumian and Darlene Jones; and the owner of the building in which REI is a commercial tenant – A&L Enterprises, whose principals are Arlene J. Barsumian and Darlene Jones (collectively, the "REI Defendants").[1] The individual

---

[1] The Defendants contend that the company is improperly named in the complaint as Research Electronics LLC, that Trish Webb's true name is Patricia Webb, and that Darlene Jones' true name is Lisa Jones. However, they are not disputing that they are aware of the identity of the individuals to whom Atkinson is referring in the complaint.

defendants are sued in their "official capacity" as owners or employees of REI or A&L Enterprises.

The REI Defendants filed a Motion to Dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(3), 12(b)(4) and 12(b)(6). (Docket No. 11). By this motion, the Defendants are seeking to have all claims against them in the Third Amended Complaint ("Compl.")[2] dismissed, claiming (1) insufficient service of process on all defendants except REI, Thomas H. Jones and A&L Enterprises; (2) that the plaintiff failed to state a claim against any defendant "with the arguable exception of REI"; (3) that pursuant to a contractual agreement between Atkinson and REI any action must be brought in Tennessee; and (4) that the issues raised in the instant case are barred by the doctrine of res judicata as they have been resolved in an action between the parties in Tennessee. Because the REI Defendants relied on materials outside the pleading, the court converted the motion to a motion for summary judgment, granted the plaintiff the opportunity to further brief the issues and file any other materials he deemed pertinent to the motion, which he has done, and allowed the REI Defendants to file a reply memorandum, which they have done. See 11/09/2011 Electronic Order.

---

[2] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

After careful consideration of all the pleadings and materials submitted,[3] and for the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the REI Defendants' motion to dismiss/motion for summary judgment be ALLOWED.

## II. SUFFICIENCY OF SERVICE

As an initial matter, the REI Defendants contend that, with the exception of REI, Thomas H. Jones and A&L Enterprises, they should all be dismissed for insufficient service of process. For the reasons detailed herein, this court finds that Atkinson has met his burden of proving that each of the REI Defendants was properly served.

According to the REI Defendants, on August 11, 2011, a gentleman who identified himself as "Ted Borck, Operations Manager, TCM-Special Operations Group," appeared at REI's Tennessee offices and left a Summons and Complaint addressed to each of the REI Defendants. Defs.' Statement of Material Facts (Docket No. 13) ("DF") ¶ 13. TSCM/Special Operations Group represents itself as a licensed private investigation company located in Nashville, Tennessee. DF ¶ 15. The REI Defendants contend that defendant Thomas H. Jones stated that he would accept service of process on behalf of REI, A&L Enterprises and himself personally, but no one else. DF ¶ 14. Consequently, the REI Defendants contend that the other defendants were never served.

---

[3] The plaintiff requested oral argument on the motion. However, this court does not believe that oral argument would assist the court in resolving the issues presented, so the request is denied.

Atkinson has submitted evidence establishing that proper service was effectuated on all of the REI Defendants. According to the proofs of service filed in this action, not only were summonses and complaints left with Mr. Jones for each of the other defendants, but they were also sent by certified mail to the "last place of abode" for each of the individual defendants, in accordance with Tenn. R. Civ. P. 4.04(10). See Pl.'s Resp. to Defs.' Statement of Material Facts (Docket No. 236) ("PR") ¶¶ 27-28, Pl. Ex. 12. The REI Defendants do not dispute Atkinson's contention that the complaints and summonses were mailed to each of the REI Defendants. See Defs,' Reply Mem. (Docket No. 238). Consequently, this court assumes that the returns of service are accurate.

According to Tenn. R. Civ. P. 4.04(10), a plaintiff may serve a defendant residing within the State of Tennessee by certified return receipt mail. Since Atkinson has provided proof of service in accordance with this statute, this court recommends that the REI Defendants' motion to dismiss due to insufficient service of process be denied.

### III. FORUM SELECTION CLAUSE

It is undisputed that on July 14, 2001, REI and Atkinson entered into a written "Manufacturer's Representative Agreement" pursuant to which Atkinson became eligible to purchase discounted equipment for resale, and to earn sales commissions. DF ¶ 5, Ex. A. On July 29, 2004, REI and Atkinson entered into another written "Manufacturer's Representative Agreement" which modified the first agreement slightly and pursuant to which Atkinson became eligible to earn sales commissions. DF ¶ 6, Ex. B. Both Agreements provide as follows:

> 27. <u>Governance and Exclusive Venue</u>.  This agreement will be construed and governed in accordance with the laws of the State of Tennessee, United States of America.  Any suit or action of the parties can only be filed and/or maintained in a state or federal court located in Putnam County, Tennessee.  Both parties consent to such venue.

The REI Defendants are all residents of Tennessee.  <u>See</u> DF ¶¶ 1-4.  Based on these forum-selection clauses, the REI Defendants contends that the instant action should be dismissed.  This court agrees.

Atkinson contends that the contract at issue expired in 2005, that the case "revolve[s] around acts initiated in the Fall of 2007 by the Defendants, which came to fruition and injured the Plaintiff in December 2009 and deprived him and infringed upon his civil rights."  <u>Pl.'s Opp.</u> (Docket No. 34) at ¶ 4; PR ¶ 4.  Thus, Atkinson contends, not only is the contract illegal and unenforceable, it is irrelevant to the issues in this case.  However, such allegations in his pleadings are inconsistent with the allegations in the Complaint.  For example, in his Complaint Atkinson alleges that "<u>[b]eginning in 2001</u>, Defendant entered into a manufacturer's representative agreement, <u>which continued until October of 2010</u>."  Compl. ¶ 566 (emphasis added).  He further asserts that the Defendants' "pattern of specific, organized criminal acts (in order to destroy the Plaintiff) took place from 2007 until the present date, but also <u>that the conduct took place over a long period of time spanning a continuum of acts from October 2001 to the present time</u>, and acts which form a pattern even prior to September 2001, and in fact dating back over a period of nearly thirty years."  <u>Id.</u> ¶ 573 (emphasis added).  Furthermore, among the

claims made by Atkinson are claims for commissions due under the Manufacturer's Representative Agreement. Id. ¶ 580.[4] In fact, Atkinson expressly asserts that the defendants "breached the contract existing between the parties" and that he is entitled to an accounting and commissions. See, e.g., id. ¶¶ 580-81. Under such circumstances, the forum selection clause bars the instant litigation.

This court finds that the forum selection clause covers the instant dispute. "Federal courts have long enforced forum selection clauses as a matter of federal common law." Lambert v. Kysar, 983 F.2d 1110, 1116 (1st Cir. 1993). Since no party has identified any significant differences between the law of Tennessee, Massachusetts or the federal common law concerning the validity and enforcement of forum selection clauses,[5] this court "need confront neither the choice-of-law issue nor the daunting question whether forum selection clauses are to be treated as substantive or procedural for *Erie* purposes." Id. Where, as here, the "venue is specified with mandatory language the clause will be enforced[.]" Id. (quoting Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989)).

---

[4] While Atkinson apparently refers to himself as the "Defendant" in these paragraphs, that seems to be because they are copied from Counterclaims he asserted (as defendant) in litigation brought by REI against him in Tennessee, discussed infra.

[5] Both Massachusetts and Tennessee courts will enforce forum selection clauses when it is "fair and reasonable" to do so. See Dyersburg Mach. Works, Inc. v. Rentenbach Eng. Co., 650 S.W.2d 378, 380 (Tenn. 1983); Cambridge Biotech v. Pasteur Sanofi Diagnostics, 433 Mass. 122, 130, 740 N.E.2d 195, 201 (2000).

In the instant case, the language of the forum selection clause is mandatory — the parties agreed that suits could <u>only</u> be filed and/or maintained in Tennessee.  The selection of Tennessee as the venue was appropriate, as REI was located in Tennessee.  Moreover, as detailed <u>infra</u>, Atkinson appeared in Tennessee in connection with a lawsuit brought there by REI, and asserted counterclaims against the REI Defendants.  Thus, there is no reason not to enforce the clause.

While Atkinson contends that the instant suit involves some claims which are not covered by the contract, this does not negate the enforcement of the forum selection clause.  First of all, the clause itself is quite broad, and does not limit the types of claims which are governed by the forum selection clause.  Second of all, as detailed above, at least some of the claims in the instant litigation specifically relate to the contract.  Moreover, a large portion of the dispute between Atkinson and the REI Defendants appears to relate to the propriety of the REI Defendants selling, or refusing to sell, certain equipment, which, in turn, relates to the Defendants' ability to comply with the contract with Atkinson.  Forum selection clauses are generally construed broadly, and are designed, among other things, "to concentrate all related litigation in a single forum." <u>Huffington v. T.C. Group, LLC</u>, 637 F.3d 18, 23 (1st Cir. 2011).  In this case, this court concludes that the forum selection clause "governs the claims asserted in the lawsuit." <u>Provanzano v. Parker View Farm, Inc.</u>, No. 10-11893-NMG, 2011 WL 5419455, at *5 (D. Mass. Dec. 14, 2011).

Since the forum selection clause governs the instant dispute, it "should control absent a strong showing that it should be set aside, and the party resisting enforcement bears the 'heavy burden' of demonstrating why the clause should not be enforced[.]" Huffington, 637 F.3d at 23 (internal punctuation and citations omitted). Atkinson has not met his heavy burden.

One recognized ground for refusing to enforce a forum selection clause is if "the clause was the product of 'fraud or overreaching[.]" Id. This condition "is triggered not by claims that the contract was induced by fraud but only by a focused showing – which [Atkinson] does not attempt – that the inclusion of that clause in the contract was the product of fraud or coercion." Id. at 24 (internal quotation and citation omitted). Thus, this is not a basis for refusing to enforce the contract between the parties in the instant case.

Other grounds for finding a forum selection clause unenforceable include situations where the "enforcement would be unreasonable and unjust," or "proceedings in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court," or "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision[.]" Id. at 23 (internal punctuation and citation omitted). None of these factors warrant disregarding the contractual choice of forum. There is no dispute that REI is based in Tennessee, as are all the REI Defendants. Atkinson has apparently litigated with the REI Defendants in Tennessee before, and

while he may not like the outcome of that litigation, his participation in the process is evidence that the selection of Tennessee as a forum was not designed to preclude the plaintiff from having his day in court. No strong public policy is involved in the instant case. In short, "no evidence suggests that [Atkinson] was coerced into entering the agreement. All that remains, then, is an arms-length transaction, the terms of which are binding on both parties. As such, the enforcement of those terms is not unreasonable[.]" Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 389 (1st Cir. 2001). Moreover, since all the claims against the REI Defendants involve "the same operative facts" as the breach of contract claim, all claims should be litigated in the forum chosen by the parties and the entire case should be dismissed as to the REI Defendants. Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 24 (1st Cir. 2009) (internal punctuation and quotations omitted).

## IV. RES JUDICATA

The REI Defendants also contend that the present lawsuit should be dismissed as against them because Atkinson brought an identical case against them in Tennessee, and it was dismissed on the merits. This court agrees.

The relevant facts are as follows. On October 14, 2010, REI sent Atkinson a letter terminating their contractual arrangement. DF ¶ 8, Ex. C. Atkinson sent an email on October 15, 2010 which indicated that he was still in business, but had been out sick and was "trying to sort out the mess that has piled up while I was away[.]" DF ¶ 8, Ex. D. On January 19, 2011, counsel for Atkinson sent REI a letter demanding an accounting

and payment of commissions owed.  DF ¶ 9, Ex. E.  On January 27, 2011, REI filed a complaint in the Chancery Court for Putnam County, Tennessee, against Atkinson seeking a declaration that it had fulfilled its contractual obligations and owed Atkinson no money.  DF ¶ 10, Ex. F.  Atkinson responded with an answer and counterclaim, DF ¶ 11, Ex. G, in which he asserted seven causes of action.  The counterclaim mirrors the claims brought in the Complaint in the instant case.  See, e.g., (1) declaratory judgment that certain clauses of the Agreements are unenforceable, see Countercl. ¶ 36; Compl. ¶ 611; (2) disclosure of sales records, see Countercl. ¶ 38; Compl. ¶ 612; (3) tortious interference with contracts, see Countercl. ¶ 40; Compl. ¶ 613; (4) conversion, see Countercl. ¶ 42; Compl. ¶ 614; (5) fraud, see Countercl. ¶ 44; Compl. ¶ 615; (6) abuse of process, see Countercl. ¶ 46; Compl. ¶ 616; and (7) possession of illegal bugging devices and unlawful tapping of the plaintiff's communications, see Countercl. ¶ 48; Compl. ¶ 617.

Atkinson contends (without proof) that he tried to remove the case to federal court, but that the state court clerk refused to honor his removal notice.  Pl.'s Opp. (Docket No. 34) ¶¶ 17, 19, 21.  In addition, he contends that he was excluded from hearings and was not allowed to attend by telephone, despite having been given short notice of the hearings.  Id. ¶ 18.  However, Atkinson does not assert that he pursued any appellate rights he had in the Tennessee state court, nor did he pursue a claim in Tennessee federal court, as authorized by the forum selection clause discussed above.

Final Judgment in favor of REI was entered by the Tennessee court on August 5, 2011. DF ¶ 12, Ex. H. The judgment was based on Atkinson's failure to respond to discovery requests or the court's orders compelling discovery, as well as on the merits. The court made findings of fact, including findings that REI had complied with its contractual obligations, and that REI had not engaged in the wrongful conduct as alleged by Atkinson. The court also found that the contracts were valid and enforceable. Atkinson was ordered to pay REI $10,776.90 for fees and expenses. As noted above, no appeal was apparently taken. Based on these facts, the instant litigation is precluded by the doctrine of res judicata.

> Generally, res judicata bars a second lawsuit between the same parties or their privies on the same cause of action with respect to all issues that were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit.

Davis v. Williams, No. E2010-01139-COA-R3-CV, 2011 WL 335069, at *2 (Tenn. Ct. App. Jan. 31, 2011) (internal citation omitted).

> To obtain dismissal based on res judicata, the party asserting the defense must show that: (1) a court of competent jurisdiction rendered the underlying judgment; (2) the same parties or their privies were involved in both proceedings; (3) both proceedings involved the same cause of action; and (4) the underlying judgment was final and on the merits.

Id. at *4 (citation omitted). See also Patton v. Estate of Upchurch, 242 S.W.3d 781, 790 (Tenn. Ct. App. 2007). All these elements were met in the instant case.

There is no question that the Tennessee court was a court of competent jurisdiction. Atkinson appeared there and filed an answer and counterclaim. While Atkinson now claims that he purported to remove the case to federal court, there is no proof of such actions. Moreover, that would be an issue for the Tennessee courts to resolve. The record is clear that since he filed an answer and counterclaim, Atkinson submitted to the jurisdiction of the Tennessee courts.

On its face, the final judgment entered by the Tennessee court was final and no appeal was taken within the 30 day appeal period. See Defs.' Mem. (Docket No. 12) at 13 n.3. Moreover, not only does the judgment address the merits of the claims and counterclaims, "[i]n Tennessee, any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party operates as an adjudication upon the merits, unless the trial court specifies otherwise in its order for dismissal." Creech v. Addington, 281 S.W.3d 363, 378 (Tenn. 2009) (internal quotation omitted). Both proceedings involved the same parties or their privies. "In the context of res judicata, 'privity' means an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves." Acuity v. McGhee Eng'g Inc., 297 S.W.3d 718, 735 (Tenn. Ct. App. 2008) (internal quotation omitted). Here, all the individual defendants were sued in connection with their relationship to REI: the parties obviously share the same interests relating to the issues in dispute in the litigation. Finally, it is obvious that the two suits involve the same causes of action for res judicata purposes. First of all "res judicata bars a second suit between

the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." Richardson v. Tenn. Bd. of Dentistry, 913 S.W.2d 446, 459 (Ten. 1995). Moreover, to satisfy this requirement, the causes of action must "arise out of a common nucleus of operative facts." See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Assoc., 142 F.3d 26, 38 (1st Cir. 1998); Creech, 281 S.W.3d at 381-82. Here, the overwhelming similarities between the two cases make it clear that they arise out of the same nucleus of facts. For all these reasons, Atkinson's claims against the REI Defendants are barred by the doctrine of res judicata.

## V. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Finally, the REI Defendants contend that the complaint fails to state a claim upon which relief can be granted against any of them, with the possible exception of REI. For the reasons detailed above, this court recommends that this case be dismissed because it was improperly brought in Massachusetts. Consequently, it would not be appropriate for this court to rule on the sufficiency of the complaint. If, however, the court were to so rule, this court finds that the complaint should be dismissed as to the REI Defendants for the same reason as it should be dismissed against all the other defendants.

The analysis of the viability of Atkinson's claims against the REI Defendants mirrors that of the sufficiency of the Complaint against other defendants. Thus, Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to

relief. . . ." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quotations and citations omitted)). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2, (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (internal punctuation and additional citations omitted)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Commonwealth of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43-page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed. R. Civ. P. 8). It is

-14-

also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes." Sherwood Forest Neighbors Ass'n, Inc. v. Town of Becket, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8). Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves the defendants without an explanation of the claims against them. See Educadores Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets") (quotation omitted). Moreover, despite repeated claims that the numerous defendants conspired with each other, there are no details as to "what part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties." Benyamin, 2011 WL 2681195, at *3 (quotations omitted). The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim. See Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In sum, Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5 (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint fails to comply with the requirements or goals of Fed. R. Civ. P. 8(a)(2), it should be dismissed. Id.

## VI. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the REI Defendants' Motion to Dismiss and/or for Summary Judgment (Docket No. 11 ) be ALLOWED.[6]

                                                     / s / Judith Gail Dein
                                                    Judith Gail Dein
                                                    United States Magistrate Judge

---

[6] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).