UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. ATKINSON,            )<br>                                                 )<br>           Plaintiff,                      )<br>    v.                                        )<br>                                                 )<br> TOWN OF ROCKPORT, et al., )<br>                                                 )<br>           Defendants.                 ) | CIVIL ACTION<br>NO. 11-11073-NMG |

# REPORT AND RECOMMENDATION ON
# MOTION OF STATE DEFENDANTS TO
# DISMISS AND TO QUASH SERVICE OF PROCESS

February 23, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff James M. Atkinson ("Atkinson") has filed a 474 page *pro se* complaint naming well over 100 defendants, including a number of State employees who are named in their individual and official capacities (the "State Defendants").[1] This matter is presently before the court on the State Defendants' "Motion to Dismiss Plaintiff's Third Amended Complaint and Motion to Quash Service of Process" (Docket

---

[1] The motion to dismiss addressed in this R&R was brought on behalf of William Anglin, John Auerbach, John B. Brennan, Lee Brossoit, Kevin Burke, Wayne Burton, Paul Coffey, the Commonwealth of Massachusetts, Michael Conney, Frank Cousins, Jr., Mark Delaney, the Essex County Sheriff's Department, Michael Frost, Katherine Hartigan, Mary Heffernan, Lloyd Holmes, Scott James, Renee Lake, Michael Marks, Kristine Mason, Patricia McGuire Meservey, Penny Michalski, Brendan Murphy, Shawn Newton, North Shore Community College, Doug Puska, M. Thomas Quail, Abdullah Rehayem, Donna Richemond, Shane Rodriguez, Salem State College, James Slater, James Stoll, Kenneth Tashjy, and Kemah Travers. Some of these defendants have joined in other motions to dismiss as well.

No. 201), pursuant to which the State Defendants are seeking to have the Third Amended Complaint ("Compl.")[2] dismissed against them individually for failure to serve them, and against them in all capacities for failure to comply with the pleading requirements of Rule 8.[3] As detailed herein, this court recommends that the motion be dismissed for failure to comply with Rule 8. "While a court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). Because the Third Amended Complaint is such a pleading, this court recommends to the District Judge to whom this case is assigned that the State Defendants' motion to dismiss be ALLOWED.

---

[2] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

[3] All the other defendants have filed motions to dismiss as well, which are the subject of separate Reports and Recommendations issued by this court. Of particular relevance, two other employees of the Commonwealth – Martha Coakley and Mark Pulli – filed a motion to dismiss on September 12, 2011. Docket No. 21. This court recommended that their motion to dismiss be allowed on November 1, 2011. Docket No. 210. This Report and Recommendation repeats much of this court's earlier decision.

## II. STATEMENT OF FACTS

### Overview of the Complaint

Atkinson "is a U.S. Citizen by birth; a civil libertarian; [and] a disabled U.S. Veteran with Honorable Service[.]" Compl. ¶ 1. His 474 page complaint contains 54 Counts, 57 Prayers for Relief, and over 100 defendants. In addition to the State Defendants, the defendants include, but are not limited to, the Town of Rockport, two hospitals, three colleges, two private corporations, the Department of Energy, the State Department, and the CIA, as well as these entities' officers and employees and dozens of "John Does." This court will not attempt to detail all the allegations in the complaint. For present purposes, a brief review of some key components of the complaint is sufficient. For example, in his introductory paragraphs, Atkinson describes his complaint as follows:

> 2. This action for deprivation of civil rights under color of law, and also challenges to various unconstitutional Massachusetts statutes in regard to the keeping and, or of bearing arms to the extent that they prohibit otherwise qualified private citizens from keeping or carrying arms for the purpose of self-defense.
>
> 3. This action is also for Civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violations; violations of federal wiretapping statutes; violations of the False Claims Acts and/or to obtain Federal Funds; violation of Electronic Communications laws; Monopolies and Restraint of Trade violations; Economic Espionage Act, 18 U.S.C. 1831 violations; Export Violations; violation of FDA's prohibition against promoting before FDA has approved the device for commercial distribution; as well as criminal violation of the laws and statutes of the United States of America and of the Commonwealth of Massachusetts by state agents, agencies, and private entities working in concert with the state and acting under color of law.

4. Plaintiff seeks a declaratory judgment, injunctive relief, actual damages, general damages, special damages, compensatory damages, punitive damages, attorney's fees, costs, and other relief this court deems appropriate.

In the caption, Atkinson lists the following causes of action:

> 42 U.S.C. §§ 1983, 1985, 1988, 1981a
> U.S. Constitution, Article Four, Section 2
> FIRST AMENDMENT
> SECOND AMENDMENT
> FOURTH AMENDMENT
> FIFTH AMENDMENT
> SIXTH AMENDMENT
> EIGHTH AMENDMENT
> NINTH AMENDMENT
> FOURTEENTH AMENDMENT
> 18 U.S.C. §§ 1961-1968
> 18 U.S.C. §§ 2510-2522
> 31 U.S.C. §§ 3729-3733
> 47 U.S.C. §§ 2.1-1305
> 15 U.S.C. §§ 1-38
> 18 U.S.C. § 1831
> 18 U.S.C. § 1951
> 18 U.S.C. § 371
> 22 U.S.C. § 2778
> 36 U.S.C. § 407
> 28 U.S.C. § 1443
> 28 U.S.C. §§ 1446-1449
> 22 U.S.C. § 2778
> 50 U.S.C. § 2410
> 22 CFR, § 120-130
> MASSACHUSETTS CONSTITUTION, PART THE FIRST, ARTICLE XVII
> 12 M.G.L. § 11H
> 265 M.G.L. § 37
> 263 M.G.L. § 3
> 268 M.G.L. § 1
> 268 M.G.L. § 1A
> 268 M.G.L. § 2
> 268 M.G.L. § 3
> 268 M.G.L. § 4

   268 M.G.L. § 6
   268 M.G.L. § 6A
   268 M.G.L. § 13B
   268 M.G.L. § 13E
   268 M.G.L. § 36
   268A M.G.L. § 9
   272 M.G.L. § 99
   272 M.G.L. § 105

   The complaint is replete with legal arguments. See, e.g., ¶¶ 415-23. While this court is unable to concisely summarize the complaint, it does appear that Atkinson's primary dispute relates to enforcement of laws regulating firearms. Thus, after charging that the Commonwealth has imposed "various licensing scheme [sic] that exists for no reason but to deprive law abiding citizens of defensive arms in their home or businesses[,]" Compl. ¶ 41, Atkinson further alleges that the Commonwealth, "with the approval of the Attorney General of the Commonwealth[,]" "continues to unlawfully and with ill and criminal intent forcibly and with deceit enter law abiding businesses, and homes of citizens who are fully qualified by law to possess arms, and to take those arms away by force and by deception in direct violation of Federal law[.]" Id. ¶ 42. He also charges that the "Commonwealth encourages law enforcement officers to lie and to perjure himself or herself in order to gain arrest or search warrants" knowing that the Attorney General will not prosecute them. Id. ¶ 43. Thirty-four of the 55 counts challenge the constitutionality of Massachusetts' firearms statutes and regulations. See, e.g., ¶¶ 406-59. However, there is no effort to explain why most of the specific defen-

dants are the proper defendants to such a challenge, and the plaintiff does not explain how all the cited statutes, regulations and constitutional provisions relate to his claim.

## Claims Against The State Defendants

Atkinson has made substantially identical allegations against the State Defendants as he did against other defendants. For example, it is alleged in the Complaint as follows:

> 221. Defendant MARY ELIZABETH HEFFERNAN is sued in her official capacity and individually as Secretary of Public Safety and Executive Office of Public Safety and Security for the Commonwealth of Massachusetts, responsible for executing and administering the laws and policies at issue in this lawsuit. Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. Any veil of immunity, which this defendant may have previously enjoyed by virtue of their office or position, is "pierced and ripped asunder" due to their infringement and deprivation of the Constitutional Rights of the Plaintiff, and thus this Defendant (and all other Defendants) stands fully naked and vulnerable before the court, with no immunity of any form. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendant resides at One Ashburton Place, Boston, MA 02108-1518.

Similar allegations are made against the other State Defendants. See, e.g., Compl. ¶ 223 (James F. Slater); ¶ 245 (Penny Michalski), ¶ 255 (Paul Coffey); ¶ 256 (Abdullah Rehayem).

As detailed in the provision quoted above, the State Defendants are accused of participating in a conspiracy and criminal enterprise, but no details are provided. No further explanation is included in his opposition to the motion to dismiss either, in which Atkinson argues:

> As the Commonwealth of Massachusetts to include the State Defendants has "enforced" or "attempted to enforce" a state law that is itself a violation of Federal Law, and a violation of the Constitution and the Bill of Rights; the Town of Rockport, to include the Rockport Police Department becomes a primary actor of misdeeds, and of criminal conduct under 18 U.S.C. § 14141[.]

Pl. Opp. (Docket No. 225) at ¶ 22.

## Service of Process

The State Defendants purport to be named in both their official and individual capacities. See, e.g., Compl. ¶ 221 (Mary Elizabeth Heffernan "is sued in her official capacity and individually as Secretary of Public Safety and Executive Office of Public Safety and Security for the Commonwealth of Massachusetts"). According to former Assistant Attorney General Jacqueline Mantica, who represented the State Defendants until September 2011 when she went into private practice, she had a telephone conversation with Atkinson on July 18, 2011 in which she told him that she intended to waive the service requirements for the State Defendants once she received the proper forms from Atkinson. Mantica Aff. (Docket No. 201-1) ¶ 3. Ms. Mantica further contends that she sent Atkinson a letter on July 22, 2011 telling him that in light of a ruling by the District Judge that the plaintiff was to serve each defendant, Atkinson would

be required to serve all the defendants in accordance with Fed. R. Civ. P. 4. <u>Mantica Aff.</u> ¶ 5. She also wrote in the letter that contrary to her earlier understanding, the Attorney General's Office could not accept service on behalf of any employee in their individual capacity, and that he could not send the complaint to the Attorney General's Office to accomplish such individual service. <u>Mantica Aff.</u> ¶¶ 4-6. The Attorney General's Office cannot locate a copy of this letter, <u>id.</u> ¶ 6, and Atkinson denies ever having received it. <u>Pl. Opp.</u> ¶ 15.

On September 12, 2011, the State Defendants filed a "Motion to Enlarge the Time to Respond to Plaintiff's Third Amended Complaint." Docket No. 22. Therein, it was represented that "at least to the extent they are sued in their official capacities, the Attorney General will represent these state defendants in this suit when service on each is properly perfected." Docket No. 22 at ¶ 4. The motion also made it clear that it was being filed on behalf of the named individuals in their official capacity. Docket No. 22 at Ex. A. On September 13, 2011, the Motion to Enlarge Time was allowed without opinion. <u>See</u> 9/13/11 Electronic Order. On September 23, 2011, in response to a motion filed by the Rockport defendants, the District Judge ordered as follows:

> It is hereby ORDERED that: 1) Plaintiff may not, during the pendency of this action, appear at the private residences of any of the Rockport defendants identified in footnote 1 of the subject motion; and 2) Plaintiff shall serve all future pleadings upon defendants' counsel and not directly upon the individual defendants.

Docket No. 54.

It is Atkinson's contention that in his conversation with Attorney Mantica he was told that she would accept service on behalf of the State Defendants in all their capacities, and that he never received any contrary instructions. Consequently, Atkinson argues that his service upon the Assistant Attorney General was sufficient to serve the State Defendants in both their individual and official capacities. See Pl. Opp. ¶¶ 7-11.

Additional facts will be provided below where appropriate.

### III. ANALYSIS

### Sufficiency of Service of Process

The State Defendants argue strenuously that they were not served in their individual capacities and that, therefore, the Complaint should be dismissed against them. They contend that such service, which must be either in hand or at their residences, is necessary in order to avoid disruption of "the orderly mechanism by which state defendants named in their individual capacities request representation by the Attorney General." Mot. to Dismiss (Docket No. 201) at 5; see Fed. R. Civ. P. 4. Specifically, but without limitation, before being represented by the Attorney General's Office, the individuals must execute a Request for Representation which defines the terms upon which representation by the Attorney General is undertaken, and explains the option of choosing private counsel. Id. at 5-6.

Since the Attorney General's Office cannot produce the letter by which Atkinson was allegedly informed that counsel was not accepting service on behalf of the State Defendants' individually, and Atkinson denies receiving any such letter, there is a factual

dispute as to whether the State Defendants were served in their individual capacities when service was made upon counsel. While the Attorney General's Office may, as a matter of policy, prefer not to accept service on behalf of individuals, the Defendants have not established that the Attorney General's Office was prohibited from accepting service as a matter of law. In the instant case, the Rockport Defendants preferred to have counsel served, even though many of those defendants were sued in both their individual and official capacities. This preference led to the District Judge's order of September 23, 2011 prohibiting Atkinson from serving individual defendants personally. In light of that order, which is not expressly limited to the Rockport Defendants, and the confusion about the correspondence from Attorney Mantica, this court recommends that the motion to dismiss be denied on the basis of insufficient service of process. As detailed below, this court recommends that the Complaint be dismissed due to the failure to comply with Fed. R. Civ. P. 8. If the case proceeds however, the court can address the appropriate method for personal service of any individual defendants, without requiring the plaintiff to locate the home addresses for all the State Defendants.

### **Sufficiency of the Complaint**

For all the reasons this court has recommended that the Complaint be dismissed against the other defendants, this court again recommends that the motion to dismiss be allowed. Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Thus the statement must "give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quotations and citations omitted)). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2 (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (internal punctuation and additional citations omitted)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43 page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed.R.Civ.P. 8). It is also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes." Sherwood Forest Neighbors Assoc., Inc. v. Town of Becket, 466 F. Supp. 2d

399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8). For example, but without limitation, and as detailed above, the allegations combine seemingly unrelated claims, yet contain no facts to support any of these repetitive charges. Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves the defendants without an explanation of the claims against them. See Educadores Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to 'eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets'") (quotation omitted). Moreover, despite the claims that the numerous defendants acted in concert with each other, there are no details as to "what part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties." Benyamin, 2011 WL 2681195, at *3 (quotations omitted). The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim. See Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In his opposition to the motion to dismiss, Atkinson argues that the complaint is readable and understandable, asserting that it "has a Flesch-Kincaid (English) Reading Ease score of 23" which makes it easier to understand than many other publications. Pl. Opp. (Docket No. 225) at ¶¶ 26-27. However, this argument misses the mark. It is not that the words the plaintiff uses are incomprehensible. Rather, it is the fact that the complaint as a whole is unduly complicated and lengthy, and consists of unfocused allegations that fail to include facts describing "who did what to whom, when, where and

why." See Benyamin, 2011 WL 2681195, at *2 (quotations and citation omitted). Moreover, the plaintiff has attempted to combine seemingly unrelated defendants and charges without explanation. In short, Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5 (quoting Prezzi v. Bevzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint fails to comply with the requirements or goals of Fed. R. Civ. P. 8(a)(2), it should be dismissed. Id.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the State Defendants' Motion to Dismiss (Docket No. 201) be ALLOWED.[4]

                                                          / s / Judith Gail Dein
                                                          Judith Gail Dein

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

                        United States Magistrate Judge