UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES M. ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-11073-NMG |
| TOWN OF ROCKPORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION ON
# PLAINTIFF'S MOTION TO EXPAND TIME OF SERVICE

February 23, 2012

DEIN, U.S.M.J.

The plaintiff James M. Atkinson ("Atkinson") has filed a 474 page *pro se* complaint naming well over 100 defendants. On October 11, 2011, he filed a "Motion to Expand Time of Service for Good Cause Pursuant to F.R.Civ.P.4(m)." (Docket No. 80). Pursuant to that motion, the plaintiff is seeking "an Order extending the time for service of the Complaint and Summons on Commonwealth Defendants, Vincent Meoli, one federal agent, and upon the various Defendants currently known as John or Jane Does." Mot. ¶ 1. For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion to Expand Time for Service be DENIED.

To date, all of the served defendants, pursuant to one motion or another, have moved to dismiss the Third Amended Complaint, which is the operative document in this

case.[1]  This court has recommended that all of the motions to dismiss be allowed.  Those Reports and Recommendations are presently pending before the District Judge.

While each of the motions to dismiss differed to some extent, in all cases this court concluded that the Complaint failed to comply with the pleading requirements of Rule 8 and, therefore, should be dismissed.  As detailed in this court's Reports and Recommendations, "[w]hile a court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).  The Third Amended Complaint is such a pleading.

In light of this court's recommendation that the Complaint be dismissed, it serves no purpose to extend the time for service so that other defendants can be served with a Complaint that fails to comply with the pleading requirements of Rule 8.  Moreover, given the breadth of the existing Complaint, it seems that the plaintiff has had sufficient time to identify all possible defendants.  Under such circumstances, this court

---

[1]  On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

recommends to the District Judge to whom this case is assigned that the Plaintiff's Motion to Expand Time of Service (Docket No. 80) be DENIED.[2]

                                                               / s / Judith Gail Dein
                                                               Judith Gail Dein
                                                               United States Magistrate Judge

---

[2] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).