UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES M. ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-11073-NMG |
| TOWN OF ROCKPORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION ON
# PLAINTIFF'S MOTION FOR LEAVE TO FILE
# A FOURTH AMENDED COMPLAINT

February 23, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is presently before the court on the Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Docket No. 127) (the "Motion"). For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion be DENIED.

## II. DISCUSSION

The plaintiff James M. Atkinson ("Atkinson") filed his original 200-plus page complaint on June 16, 2011, and an amended complaint consisting of 653 pages on June 20, 2011. A Second Amended Complaint, which was also too voluminous to scan into the court's electronic filing system, was filed on June 30, 2011. The Third Amended Complaint, which was ordered by the court to be the operative pleading in this action,

was filed on July 7, 2011. The Third Amended Complaint is 474 pages long, and names well over 100 defendants. In addition to numerous employees of the Commonwealth of Massachusetts, the defendants include, but are not limited to, the Town of Rockport, two hospitals, three colleges, two private corporations, the Department of Energy, the State Department, and the CIA, as well as these entities' officers and employees, and dozens of "John Does." On July 19, 2011, the District Judge ordered that "Plaintiff may not file any further Amended Complaints until after the Defendants have filed a response to the Third Amended Complaint, and upon the filing of a motion for leave to file, with good cause shown." 07/19/2011 Electronic Order.

All of the named defendants (in several groupings) have moved to dismiss the Third Amended Complaint on various grounds, with the common ground being Atkinson's failure to comply with the pleading requirements of Rule 8. This court has issued eleven Reports and Recommendations recommending that the Third Amended Complaint be dismissed as against all defendants. See Docket Nos. 205, 210, 216-218, 221-224, 240 & 242. As detailed therein, this court has concluded that the Third Amended Complaint is "a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised[,]'" and that dismissal is therefore warranted. Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).[1]

---

[1] This court incorporates by reference the Reports and Recommendations issued in connection with the various motions to dismiss.

Atkinson has requested leave to file a Fourth Amended Complaint. While no copy of the proposed complaint has been filed, Atkinson describes the proposed complaint as follows:

> 8. This 4th Amended Complaint provided greater clarity in a number of matters, and brought to bear with greater specificity police misconduct, severe civil rights violations, illegal arms smuggling, and very grave misconduct on the part of the Commonwealth of Massachusetts and others, and very serious violations of Federal Laws by official actors.
>
> . . . .
>
> 18. Defendants in this case have repeatedly complained that the Plaintiff's Third Amended Complaint is unclear; too difficult to read; they claim that they do not understand it; and that they are unable to follow the reasoning of the Third Amended Complaint; that it rambles; and other objections as to form, content, and formatting, and has sought a dismissal of the complaint on these grounds. However, Plaintiff asserts that indeed that the Third Amended Complaint may be easily read, that the claims continued therein are succinct, and easy to understand. However, the unfiled Fourth Amended Complaint is even easier to understand.
>
> 19. Nonetheless, Plaintiff is willing to rewrite portions of the Third Amended Complaint and then to amend same and to file it as the Fourth Amended Complaint to allow it to be more easily read by the defendants and to clarify those portion which may not be clear, to describe in further detail the issues in this action, eliminating disputes or Defendants motions that would waste this Court's time.
>
> 20. There are a number of typographical errors, incorrect punctuation, and grammatical mistakes in the Third Amended Complaint which are significant and which need to be corrected, which may be contributing to the difficulty in reading.
>
> 21. Several parties are mentioned with specificity in the body of the complaint, but which were omitted from the caption due to an error that will be corrected in an amendment.

> 22. The identity of a number of Defendant John or Jane Does have been ascertained, and the Complaint therefore needs to be amended in order to include these Defendants by name. The proper procedure for a party to add Defendants is to seek leave to amend the complaint.

Motion (Docket No. 127).

It is clear from Atkinson's description that the Fourth Amended Complaint is intended to expand upon his claims, as well as add additional parties. Thus, the proposed Fourth Amended Complaint will not address the critical problems with the Third Amended Complaint. There are simply too many parties, too many unrelated claims merged into one pleading, too many conclusory charges, and too many unsubstantiated assertions of wrongdoing.

Fed. R. Civ. P. 15(a) "reflects a liberal amendment policy, and provides that a court 'should freely give leave when justice so requires.' Even so, the district court enjoys significant latitude in deciding whether to grant leave to amend . . . Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party and futility of amendment." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (internal quotations and citations omitted). In this case, Atkinson has acted promptly and has not acted in bad faith or with dilatory motive. Nevertheless, it is clear that the proposed Fourth Amended Complaint will not cure any deficiencies in the pleading. See Jones v. Cmty. Redevelopment Agency of Los Angeles, 733 F.2d 646, 650-51 (9th Cir. 1984) (motion to amend properly denied where proposed complaint contains "conclu-

sionary allegations, unsupported by facts" and fails to "allege with at least some degree of particularity overt acts which defendants engaged in") (internal quotations omitted). In addition, requiring the defendants to file another round of motions to dismiss would cause them undue prejudice. Finally, the amendment would be futile, as the complaint would still fail to state a claim upon which relief could be granted. See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114 (1st Cir. 2009), and cases cited (district court acts within its discretion in denying a motion to amend if the complaint still fails to state a claim). Consequently, this court recommends that plaintiff's Motion be denied.

### III. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Docket No. 127) be DENIED.[2]

                                      / s / Judith Gail Dein
                                      Judith Gail Dein

---

[2] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

United States Magistrate Judge