UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES M. ATKINSON,            )
                              )
         Plaintiff,           )
                              )
    v.                        )      CIVIL ACTION
                              )      NO. 11-11073-NMG
TOWN OF ROCKPORT, et al.,     )
                              )
         Defendants.          )

# REPORT AND RECOMMENDATION ON MOTION
# OF CHRISTIAN McDOWELL TO DISMISS

July 30, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, James M. Atkinson ("Atkinson"), has filed a 474-page *pro se* complaint naming well over 100 defendants, including Christian McDowell ("McDowell"), who is being sued individually and in his official capacity as a special agent with the Federal Bureau of Investigation. This matter is presently before the court on McDowell's Motion to Dismiss (Docket No. 279), pursuant to which this defendant is seeking to have the Third Amended Complaint ("Compl.")[1] dismissed as against him for failure to comply with the pleading requirements of Fed. R. Civ. P. 8. No opposition has been filed.

---

[1] On July 19, 2011, the court ordered that the Third Amended Complaint (Docket No. 6) is the operative pleading in this case.

"While a court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Black v. UNUMProvident Corp., 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). Because the Third Amended Complaint is such a pleading, this court recommends to the District Judge to whom this case is assigned that McDowell's motion to dismiss be ALLOWED.

## II. STATEMENT OF FACTS

The instant motion to dismiss mirrors those filed by other defendants. This court has issued Reports and Recommendations ("R&Rs") recommending the dismissal of the Third Amended Complaint against the Rockport Defendants (Docket No. 205), the Attorney General Defendants (Docket No. 210), Peter W. Curatolo (Docket No. 216), the Hospital Defendants (Docket No. 217), Michael Arsenian (Docket No. 218), the Montserrat Defendants (Docket No. 221), John Good (Docket No. 222), the Chamber of Commerce and Charlotte Brown (Docket No. 223), Melanie Goodlaxon (Docket No. 224), the Lyons Defendants (Docket No. 240), and the State Defendants (Docket No. 243) for failure to comply with Fed. R. Civ. P. 8; and recommending the dismissal of the Third Amended Complaint against the REI Defendants (Docket No. 242) for failure to comply with Fed. R. Civ. P. 12(b)(3) and on the grounds of res judicata. In those R&Rs, this court has detailed the allegations of the Complaint and the causes of action asserted

by Atkinson. This court will assume that the reader is familiar with those R&Rs, and those facts will not be repeated here.

## Allegations Relating to McDowell

Atkinson has made generalized and conclusive assertions of wrongdoing against McDowell, but has failed to put forth any facts in support of his claims. With respect to McDowell, Atkinson has alleged:

> Defendant CHRISTIAN MCDOWELL is sued in his/her official capacity and individually as a Special Agent for Federal Bureau of Investigation, responsible for executing and administering the laws and policies at issue in this lawsuit. Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others. Defendant has while acting under color of state law and while armed with a dangerous weapon at all times with intent to commit a felony; has engaged in a pattern of robbery; embezzlement; fraud; larceny; false statements; intimidation of a witness; false arrest; kidnapping; confinement; home invasion; armed home invasion; assault; armed assault; assaulted with bodily injury in furtherance of committing a felony; willfully inflicting injury; unlawfully used or threatened to use against another the power of or authority vested in him; use of excessive force; breaking and entered into a dwelling house; assault and battery; broke into a truck in order to commit a felony; induced another to part with property under false pretenses; had in his possession tools and implements to break open a building, room, or vault in order to steal and to commit other crimes; placed a person in fear of their lives in order to force the person to surrender the means of opening a locked room and locked safes; damaged property; intimidated witness or potential witness; caused serious alarm to a reasonable person; inflicted substantial emotional distress; entered a dwelling places of another knowing that one or more persons present within was likely armed with dangerous weapons; fraudulently converted property that was in the custody of the Town to his own personal use; concealed felonies committed by others who were part of the conspiracy; stole and, or received and gave to others stolen trade secrets; made false and fictitious claims, injured and defaced a dwelling house; remained on private property after being forbidden to remain thereon by the person in legal control of the premises; without authorization, committed subornation of perjury; made

-3-

> multiple false reports to state boards or commissioners; while acting as a employee of the Town of Rockport, filed false written reports and statements; took money and rewards to compound or conceal felonies; aided in the commission of a felony; knowingly accessed computers, and computer systems and failed to terminate such access knowing that such access was not authorized; interfered with civil rights; committed conspiracy to violate civil rights; violated Constitutional Rights; and committed other State and Federal crimes. The Plaintiff Atkinson, who is a disabled veteran, was the victim of these aforementioned criminal acts, deprivations, and infringements by Defendant. Any veil of immunity, which this defendant may have previously enjoyed by virtue of their office or position is "pierced and ripped assunder" due to their infringement and deprivation of the Constitutional Rights of the Plaintiff, and thus this Defendant (and all other Defendants) stands fully naked and vulnerable before the court, with no immunity of any form. Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises (including, but not limited to: mail fraud, wire fraud, scheme to defraud, robbery, kidnapping, obstruction of justice, interference in commerce, also involving monetary transactions in property derived from specified unlawful activity), and have caused injury to the business and/or property of the Plaintiff Atkinson. This Defendant has exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and deprived him of his civil rights. Defendant resides at ....

Compl. ¶ 236.

McDowell is named in Count 49, entitled "While Acting Under Color of Law, Defendant Town of Rockport and Individual Defendants did Deprive and/or Infringe on the Plaintiff's Civil Rights in Violation of 42 U.S.C. § 1983." This Count seems to pertain to the execution of a search warrant at the plaintiff's premises on December 6, 2009. As alleged in Count 49:

> 481 This search warrant was executed by Defendants Marino, Andrus, Tibert, Mahoney, Schmink, Hurst, George, McCarthy, plus four unknown Rockport Police Officers (listed here as John Does), plus Defendant McDowell of the FBI, and one unknown person who is

believed to be a Federal Agent (listed herein as John Doe). The report of the search deliberately omits the participation of Defendant John McCarthy, Rockport Chief of Police, Defendants Christian McDowell, various John Does, and other participants.

Count 49 contains 18 paragraphs (¶¶ 477-494) and this paragraph (¶ 481) is the only time that McDowell is specifically referred to by name. Thus, it is not clear if the remaining allegations of this Count, which lack any specificity as to the alleged wrongdoing on the part of any particular defendant, include McDowell. These paragraphs include the following allegations, among others:

> 482 Defendants working in concert with others stole considerable property and possessions of the Plaintiff ... none of which was ever listed on the inventory return, and seized things not authorized for seizure on the search warrant....
>
> 483 Further, Defendants did not seize certain items specifically listed on the search warrant. The warrant instead was used as a mechanism for the "general exploratory rummaging" and damaging of Plaintiff's belongings, and was in fact used as a "General Warrant" and did not conform to a scrupulous standard by which "nothing is to be left to the discretion of the officer executing the warrant"....
>
> 484. Police also seized the Plaintiff's firearm licenses to carry from other states, even though this seizure of other licenses was not permitted by the search warrant. None of these items were listed on the inventory of the search. This seizure deprived Plaintiff of his civil rights.
>
> 485. These Defendants have committed various criminal offenses in permanently depriving plaintiff of his property and obstructed justice by falsely reporting their activities and items taken as well as exceeded, and overstepped their authority and violated the Constitutional rights of the Plaintiff....
>
> 486. Plaintiff repeatedly demanded that the police leave his premises, when the police refused to show him the search warrant. The police

continued to refused to leave, and continued to refused to produce a warrant.

487.  After the police had left the premises of the Plaintiff later in the day, the police did not leave a copy of the warrant ... nor was any inventory of the seized property provided to the Plaintiff, not left on the premises.

488.  Plaintiff repeatedly sought to leave the premises after the police broke in ... only to be physically restrained by the police, and prohibited from leaving his premises...  The Plaintiff was repeatedly struck several times by the police ....

489.  [specifically names the Rockport Police Department only]

490.  Police and others sabotaged various equipment and tool cases of the Plaintiff ....

491.  Defendant directly deprived, violated, and infringed upon Plaintiff's civil rights, with malice, and with careful planning and conspiracy with others.  The conduct of these Defendants shocks the conscience.

492.  These Defendants have exceeded and overstepped their authority and violated the Constitutional rights of the Plaintiff, infringing and depriving him of his civil rights.

493.  These Defendants has while acting under color of state law and while armed with a dangerous weapon at all times with the intent to commit a felony; has engaged in a pattern of robbery; armed robbery; embezzlement; fraud; larceny; false statements; intimidation of a witness; false arrest...

494.  Further, this defendant has engaged in conduct and as a continuing unit of an enterprise, through a pattern, of racketeering enterprises ... and have caused injury to the business and/or property of the Plaintiff Atkinson.

McDowell is again named in Count 52, which is entitled "While Acting Under Color of Law, Defendant Commonwealth of Massachusetts, Attorney General, Lyons

Ambulance, OEMS, Beverly Hospital and Individual Defendants and Others did Deprive and/or Infringe on the Plaintiff's Civil Rights in Violation of 42 U.S.C. § 1983." This Count consists of 10 paragraphs (¶¶ 504-513), only one of which (¶ 507) specifically names McDowell. While most of the Count seems to involve issues regarding EMTs, the one paragraph which relates to McDowell alleges conspiracy "to interfere with Plaintiff's international shipments in order to cause delays, by which Plaintiff was then charged in the aforementioned events due to delayed shipments." (See ¶ 507).

McDowell is again named in Count 55, which is entitled "Research Electronics, A and L Enterprises, Thomas H. Jones, Bruce Barsumian, Michelle Gaw, Trish Webb, Pamela McIntyre, Lee Jones, Arlene Barsumian, Darlene Jones, Christian McDowell, Department of Energy, Department of State, Central Intelligence Agency, Others Named Herein and Others Did Deprive and/or Infringe on the Plaintiff's Civil Rights in Violation of 42 U.S.C. § 1983 and Did Commit Unlawful Acts, Trafficked in Illegal Eavesdropping and Medical Devices, Committed Illegal Eavesdropping, Violated Export Controls, and Other Acts Described Herein." While this Count includes 88 paragraphs (¶¶ 531-618), McDowell is specifically named in only one paragraph. He is included with a list of other defendants who have allegedly "deprive[d] Plaintiff of his rights under color of authority." (Compl. ¶ 532). The majority of this Count relates to a business relationship between the Plaintiff and the REI defendants and this Court has previously dismissed the Complaint against the REI defendants based on the forum selection clauses included in the agreements between Mr. Atkinson and REI and on the grounds of res judicata. (See

Docket Nos. 242 & 262). While this Count includes references to the Federal Bureau of Investigation (see ¶ 556), an FBI agent in Boston (see ¶ 560), and the FBI (see ¶ 571), there is no specific allegation of wrongdoing against McDowell.

Although Atkinson's opposition to McDowell's motion to dismiss was due on July 5, 2012, to date he has not filed any response to the motion.

Additional facts will be provided below where appropriate.

### III. ANALYSIS

The analysis of the viability of Atkinson's claims against McDowell mirrors that of the sufficiency of the Complaint against other defendants. Thus, Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quotations and citations omitted)). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2, (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123(1st Cir. 2004) (internal punctuation and additional citations omitted)). At a minimum, "the complaint should at

least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

In the instant case, the complaint is "excessively long and unnecessarily redundant." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (43-page complaint with 36 counts and 30 defendants dismissed for failure to comply with Fed. R. Civ. P. 8). It is also "prolix, wandering, [and] impenetrable[,]" and replete with "irrelevant rhetorical flourishes." Sherwood Forest Neighbors Ass'n, Inc. v. Town of Becket, 466 F. Supp. 2d 399, 401 (D. Mass. 2006) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8). It is impossible to ascertain from the allegations what conduct on the part of McDowell is being challenged. Ignoring the "bald assertions, unsupportable conclusions, and opprobrious epithets" leaves him without an explanation of the claims against him. See Educadores Puertorriquenos, 367 F.3d at 68 ("in considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets") (quotation omitted). Moreover, despite repeated claims that the numerous defendants conspired with each other, there are no details as to "what

part each defendant had in the alleged conspiracy," or any "allegations of a common understanding between the conspiring parties." Benyamin, 2011 WL 2681195, at *3 (quotations omitted). The generalized conclusion that a conspiracy existed is insufficient to state a cognizable claim. See Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Me. Sept. 21, 2010), and cases cited.

In sum, the complaint as a whole is unduly complicated and lengthy, and consists of unfocused allegations that fail to include facts describing "who did what to whom, when, where and why," which renders it insufficient to meet the pleading standard set forth in Fed. R. Civ. P. 8(a). See Benyamin, 2011 WL 2681195, at *2 (quotations and citation omitted). Moreover, the plaintiff has attempted to combine seemingly unrelated defendants and charges without explanation. Atkinson's "complaint falls into the category of 'complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Phelps, 2010 WL 3342031, at *5 (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151-52 (S.D.N.Y. 1972)) (additional citation and punctuation omitted). Since the complaint fails to comply with the requirements or goals of Fed. R. Civ. P. 8(a)(2), it should be dismissed. Id.

### IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion of Christian McDowell to Dismiss (Docket No. 279) be ALLOWED.[2]

                                                  / s / Judith Gail Dein
                                                  Judith Gail Dein
                                                  United States Magistrate Judge

---

[2] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).